(No. 34888.—

EDWARD MORGAN, Plaintiff in Error, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error.

*Opinion filed March 20, 1959—Rehearing denied May 19, 1959.*

EDWARD MORGAN, *pro se,* and LLOYD J. TYLER, JR., of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, and FRANCIS X. RILEY, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This case is before us on writ of error sued out by Edward Morgan to review a judgment of the criminal court of Cook County dismissing his petition in the nature of a writ of error *coram nobis.*

The petition alleged that petitioner pleaded guilty to the crime of armed robbery in 1940 and was sentenced to the penitentiary for a term of not less than one year nor more than life imprisonment. It was alleged that petitioner was

subjected to physical and mental torture as a result of which he signed a confession and further alleged that he was advised by his attorney that it would be useless to attempt to repudiate the confession since he had no witnesses to the alleged brutality and the court would not believe him. According to the petition, petitioner's attorney promised that if he would plead guilty he would receive a sentence of one year to life, which would make him eligible for parole in 11 months and that if he fought the case he would get a more severe sentence. It appears from the petition that in 1942, appellant escaped from the Illinois penitentiary and several months later was arrested in Brooklyn, New York, where he was convicted of robbery and sentenced to the New York State prison for a term of not less than 25 nor more than 30 years. He was released from custody in New York in 1957 and returned to the Illinois penitentiary, and several months after his return he filed the present petition. The State moved to dismiss the petition on the grounds that relief was barred because the petition was not filed within the time prescribed by statute and also because the facts set forth in the petition were insufficient to entitle petitioner to any relief. In the view which we take of the case, we find it unnecessary to consider whether the facts set forth in the petition were sufficient, for we are of the opinion that the petition was properly dismissed on the grounds that it was not filed within time.

The common-law writ of error *coram nobis* has been abolished in Illinois and section 72 of the Civil Practice Act provides a statutory substitute therefor. Prior to 1955, it was provided that a petition under this section must be brought within five years from the date of final judgment, with the provision that if the petitioner was an infant, *non compos mentis,* or under duress at the time of passing judgment, the time of such disability should be excluded from the computation of said five years. (Ill. Rev. Stat. 1953, chap. 110, par. 196.) Under the section as it existed

prior to 1955, we consistently held that the time during which the petitioner was imprisoned was not to be excluded in computing the five-year period. *People* v. *Rave,* 392 Ill. 435; *Burns* v. *People,* 9 Ill.2d 477; *Ephraim* v. *People,* 13 Ill.2d 456.

In 1955 the section was amended so as to provide that such petitions must be filed within two years from the entry of final judgment, provided that the time during which the person seeking relief is under legal disability or duress shall be excluded in computing the said two-year period. (Ill. Rev. Stat. 1955, chap. 110, par. 72.) We held in the *Ephraim case* that under both the former section and the 1955 amendment, imprisonment did not toll the statute. However, petitioner in the present case contends that the amendment of 1955 created an exception in favor of imprisoned persons and presents an argument not considered by us in *Ephraim.* It is petitioner's contention that the term "legal disability" at common law included imprisonment and that when the legislature omitted the exceptions in favor of an infant or a person *non compos mentis* and substituted the term "legal disability" it meant to broaden the scope of the exceptions so as to include all persons who come within the common-law definition of legal disability. In support of this argument petitioner urges that we must look to the ancient common law for a definition of legal disability and cites Blackstone's Commentaries which states that a person is under legal disability who is "An alien enemy, outlawed, excommunicated, attainted of treason or felony, under a *praemunire,* not in *rerum natura* (being only a fictitious person), an infant, a *feme covert,* or a monk professed." (Blackstone's Commentaries, Book III, p. 301.) By the common law all such persons lacked legal capacity to sue and therefore while they were under such disability the Statute of Limitations did not run against them. Many of these disabilities have now been removed. For instance, a married woman may now bring an action in her own right.

(Ill. Rev. Stat. 1957, chap. 68, par. 1.) The doctrine of *praemunire* has no meaning in our present law, and neither a person excommunicated, nor a monk professed is under disability. It is quite clear therefore that the term "legal disability" as used in section 72 can not and does not have reference to the common-law definition of legal disability. It is the prevailing view in this country that imprisonment does not suspend the running of a statute of limitations unless the statute expressly so provides, and this is true even where the statute makes an exception as to persons under legal disability. (34 Am. Jur., Limitation of Action, sec. 214, p. 171.) In *Musgrave* v. *McManus*, 24 N. M. 227, 173 Pac. 196, a situation almost identical to the case at bar was presented. In that case the prisoner brought a civil action against the superintendent of the penitentiary for injuries alleged to have been sustained while he was imprisoned. The defendant interposed the defense of the Statute of Limitations which was sustained by the trial court and affirmed by the New Mexico Supreme Court. The statute in that case provided that the limitation period was extended as to persons under legal disability and the plaintiff argued there that the court should look to the English common law and the English statute of limitations to determine what was meant by the term "legal disability." The Supreme Court, in a well reasoned opinion, held that since a convict was not prevented from bringing suit, as he was under the English common law, it would be unrealistic to engraft upon the Statute of Limitations an exception in favor of imprisoned persons since the reason for such an exception no longer existed. In Illinois an imprisoned person has the right to bring a civil action in the courts of this State and therefore no reason exists for excepting such persons from the operation of the Statute of Limitations.

Petitioner also argues we should consider section 72 in connection with section 21 of the general limitation statute which provides as follows: "If the person entitled to bring

an action, mentioned in the nine preceding sections, is, at the time of the cause of action accrued, within the age of twenty-one years, or if a female, within the age of eighteen years, or insane, or mentally ill, or imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed." (Ill. Rev. Stat. 1957, chap. 83, par. 22.) It is urged that since both sections deal with the same subject matter they should be considered together and since persons imprisoned are granted an extension of time under this section, they should be excepted from the limitation provision of section 72 of the Civil Practice Act. We are unable to follow this line of reasoning. Although this section does use the word "disability," it does not purport to be a comprehensive definition of legal disability for all purposes. In fact, it is significant that in this section the legislature specified that persons imprisoned on a criminal charge had additional time in which to bring an action and no such provision is included in section 72. It is the established rule that exceptions to a statute of limitations will not be implied and if the legislature has not seen fit to except a class of persons from the operation of a statute, courts will not assume the right to do so. (30 Am. Jur., Limitation of Actions, sec. 186, p. 150.) We are therefore not justified in reading into this section an exception in favor of persons imprisoned on a criminal charge.

Our conclusion is further justified by reference to the comments of the advisory committee whose recommendations were considered by the legislature in enacting the 1955 amendment. In the committee's comments on subsection 3 of the section, which imposes the period of limitations, the committees states that the purpose of the amendment was to eliminate the anomaly which formerly existed whereby a bill of review in equity cases had to be filed within one year and a motion in the nature of a writ of error *coram nobis* in a law case had to be filed within five years. The committee states that the subsection establishes a uniform

two-year period in all cases and goes on to say that the period was extended in certain cases such as periods of duress and legal disability, *as it was in the former section.* (Smith-Hurd Anno. Stat. chap. 110, sec. 72(3), Joint Committee Comments.) Certainly if it was the intention of the committee to add additional exceptions, this important feature would have been discussed in these comments.

The judgment of the trial court which dismissed the petition was correct and the judgment is affirmed.

*Judgment affirmed.*