(No. 37121.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GERALD WILLIAMS, Plaintiff in Error.

*Opinion filed May 27, 1963.*

WILLIAM S. McCURRY, JR., of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Gerald Williams, was tried jointly with Farleigh Gray and Walter Shegog upon an indictment that charged them with the armed robbery of a gasoline station attendant. A jury found them guilty, and Williams was sentenced to the penitentiary for a term of not less than one nor more than eight years. He prosecutes this writ of error, and his sole contention is that he did not receive a fair trial because testimony as to admissions that he had made to police officers was erroneously received in evidence.

At the arraignment all three defendants were represented by one attorney who was furnished with statements allegedly made by Williams. A motion to suppress these statements was made. There was no ruling on this motion because the prosecution announced that it did not intend to use "any confession of the defendant, Gerald Williams."

Prior to the trial the attorney for the three defendants was granted leave to withdraw his appearance on behalf of Farleigh Gray because of a possible conflict. The public defender was then appointed to represent Gray. The trial judge asked the defendant's attorney if he wished a severance, and the attorney replied that he had no objection to having the three defendants tried jointly.

At the trial, the prosecution called police officer Ernest Grissett as a witness. During cross-examination by the assistant public defender, who represented Farleigh Gray, the following took place:

"Q. Did Mr. Gray at any time admit that he took part in any robbery?

A. No, sir.

Q. Did Gerald Williams admit he took part in any robbery?

A. Yes, sir."

No objection was made to the question nor was there a motion to strike the answer. Instead the defendant's attorney

116

cross-examined officer Grissett with respect to the circumstances under which the defendant's admission was made. At the close of the State's case, however, counsel for the defendant moved for a mistrial on the ground that testimony concerning his admission to the police officer deprived him of a fair trial. The motion was denied.

In our opinion this ruling was not erroneous. One who fails to object to the admissibility of evidence waives his right to complain of the admission of that evidence. (*People* v. *Luckett,* 24 Ill.2d 550, 554; *People* v. *Trefonas,* 9 Ill.2d 92, 98.) The court is not required "to exclude or stop the introduction of improper evidence where the defendant makes no objection, does not move to exclude it or does not disclaim the answers." (*People* v. *Henry,* 3 Ill.2d 609, 614.) The defendant suggests that he did not object to the admission of Grissett's testimony because "he did not want to get into this hassle in front of the jury." But his attorney had the right to argue his objection out of the presence of the jury, and he did, in fact, exercise this right several times during the course of the trial.

We are of the opinion that plaintiff in error received a fair trial. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*