(No. 38482.—

GERALD WILLIAMS, Plaintiff in Error, *vs.* THE PEOPLE OF ILLINOIS, Defendant in Error.

*Opinion filed November 24, 1964.*

JOHN J. CROWN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and GEORGE W. KENNEY, Assistant Attorneys General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Writ of error is sued out to the circuit court of Cook County, criminal division, to review the order of that court dismissing a petition for writ of error *coram nobis* allegedly based upon newly discovered evidence. Gerald Wil-

liams was indicted for the December 29, 1960, armed robbery of gasoline attendant, Ronald Cheney. He was tried jointly with two other defendants and all three were found guilty by a jury. Williams was sentenced to the penitentiary for a term of not less than one nor more than eight years. Subsequently, writ of error was sued out of this court and on May 27, 1963, the judgment of the trial court was affirmed. *People* v. *Williams*, 28 Ill.2d 114.

While the prior writ of error was pending but before oral arguments on January 23, 1963, petitioner secured an affidavit from his brother, James Williams, who was also in Illinois State Penitentiary on another offense, wherein James Williams stated that he and the other two who were convicted had committed the robbery for which petitioner had been indicted, tried, convicted and sentenced. After conviction was affirmed, on September 20, 1963, petitioner filed a petition for writ of error *coram nobis* accompanied by said affidavit. The People filed a motion to dismiss the petition on the grounds (1) that the petition was not filed within two years of entry of the judgment, and (2) that the matters set forth in the petition, even if true and known to the trial judge at the time of trial, would not have prevented entry of judgment against petitioner. The trial court dismissed the petition.

The conviction and sentence were on April 19, 1961. The petition was not filed until September 20, 1963. This was beyond the two-year limitation period provided by statute for filing petitions in the nature of the writ of error *coram nobis*. (Ill. Rev. Stat. 1963, chap. 110, par. 72.) We have consistently held that a *coram nobis* petition may be dismissed upon motion when not filed within the statutory period. (*Withers* v. *People*, 23 Ill.2d 131; *Morgan* v. *People*, 16 Ill.2d 374; *Merkie* v. *People*, 15 Ill.2d 539.) The fact that petitioner was confined in the penitentiary does not toll the statutory time requirement. *Withers* v. *People*, 23 Ill.2d 131; *Morgan* v. *People*, 16 Ill.2d 374.

518

This court has determined that the writ of *coram nobis* does not lie for newly discovered evidence. (*People* v. *Sheppard*, 405 Ill. 79; *People* v. *Gleitsman*, 396 Ill. 499; *People* v. *Touhy*, 397 Ill. 19.) There was no averment in the petition that petitioner was unaware at the time of trial that his brother committed the offense, but only that the affidavit was obtained for the first time in January, 1963, when his conviction was being reviewed. There is no explanation why James Williams was not called as a witness on defendant's behalf at the trial or that he refused to come forward at the trial. It is interesting to note that the affidavit was not used until the statute had expired for prosecuting the brother of the crime. *Coram nobis* would not lie here as the testimony would not have prevented entry of the judgment. (*People* v. *Bishop*, 1 Ill.2d 60.) The record in the prior case discloses that defendant was positively identified in two separate line-ups and at the trial by the person robbed, who was a former classmate of defendant. *People* v. *Williams*, 28 Ill.2d 114.

The petition on its face showed defendant was not entitled to relief. The motion to dismiss and its allowance were proper.

*Judgment affirmed.*