(No. 43230.—

The People of the State of Illinois, Appellee, *vs.* Vincent Colletti *et al.*, Appellants.

*Opinion filed April 1, 1971.*

Davis, J., took no part.

Julius Lucius Echeles, of Chicago, for appellants.

William J. Scott, Attorney General, of Springfield, and William V. Hopf, State's Attorney, of Wheaton, (James B. Zagel, Assistant Attorney General, and Malcolm F. Smith, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendants, Vincent Colletti and Smile Guajardo, were convicted of robbery and burglary on February 23, 1967, in the circuit court of Du Page County. The convictions were affirmed on appeal to the appellate court. (*People* v. *Colletti*, 101 Ill. App. 2d 51.) Thereafter, in February, 1970, defendants initiated proceedings in the circuit court seeking a new trial. This appeal is taken from the denial, following a hearing, of various motions for post-trial and post-conviction relief. We treat the pleadings as constituting, *inter alia*, a petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*), and we find that the appeal lies directly to this court. See our Rule 651, 43 Ill.2d R. 651.

Although the record of the original trial has not been made a part of the record on this appeal, we are provided with a general factual background by the pleadings and arguments in the trial court, as well as the opinion of the appellate court on review of the convictions. Defendants were convicted of robbing Mrs. Nora Birdsong in her home. One of the robbers brandished a gun. Colletti was apprehended fleeing the home, and Guajardo was caught within the home, standing next to a television set on which an unloaded German Luger revolver was found. Mrs. Birdsong testified that she had never seen the gun before, and had not put it on the television set; the gun was then admitted in evidence. Objections were sustained to the ensuing cross-examination wherein defense counsel asked the victim whether she had ever complained to the police that one Raymond Campbell had threatened her with a gun, whether Campbell had ever had a gun in her home, and whether he could have put a gun in her home prior to the robbery. Attached to the pleadings in this case was an affidavit of Mrs. Birdsong stating that Campbell had lived with her shortly before the robbery, that he had owned a German Luger re-

volver similar to the one found by the police, and that he kept it unloaded due to the presence of her nine-year-old son in the house. An unverified statement, purportedly signed by Raymond Campbell, and confirming that he had left an unloaded German Luger gun in the home, was also submitted. As grounds for a new trial, defendants first urge the existence of newly discovered evidence. In addition, alleging that the State knew at the time of trial that the gun belonged to Campbell, defendants contend that the State knowingly used false evidence and withheld evidence favorable to the defense.

The pleadings filed by defendants bear the following heading: "MOTION FOR NEW TRIAL ON THE GROUNDS OF NEWLY DISCOVERED EVIDENCE; MOTION FOR WRIT OF ERROR CORAM NOBIS; MOTION FOR WRIT OF ERROR CORAM VOBIS; POST CONVICTION MOTION FOR A NEW TRIAL ON THE GROUNDS OF CONSTITUTIONAL DEPRIVATION OF DUE PROCESS OF LAW." Taken as a motion for new trial under article 116 of the Code of Criminal Procedure, the first motion was properly denied since not filed within 30 days following the return of the verdict. (Ill. Rev. Stat. 1967, ch. 38, par. 116 —1(b).) Inasmuch as the writs of *coram nobis* and *coram vobis* have been abolished, we shall treat the motions therefor under their statutory substitute—section 72 of the Civil Practice Act. (See *Williams* v. *People,* 31 Ill.2d 516; *Morgan* v. *People,* 16 Ill.2d 374; *Burns* v. *People,* 9 Ill.2d 477.) Again we find that the motions were not filed within the applicable period of limitations, which, under section 72, is two years from the entry of judgment. (Ill. Rev. Stat. 1969, ch. 110, par. 72(3).) The pleadings do not allege that the State fraudulently concealed the grounds for relief so as to avoid the two-year limitation. Even on the merits, relief is not available under section 72 upon grounds of newly discovered evidence, (*Williams* v. *People,* 31 Ill.2d 516; *People* v. *Sheppard,* 405 Ill. 79; *People* v. *Touhy,* 397 Ill. 19; *People* v. *Gleitsman,* 396 Ill. 499), and relief on the grounds

of a fraudulently caused omission to interpose a valid defense is available only in the absence of negligence on the part of the defendants. (*People* v. *Bishop,* 1 Ill.2d 60, *cert.* denied, 346 U.S. 916, 98 L. Ed. 412, 74 S. Ct. 278; *Thompson* v. *People,* 410 Ill. 256; *People* v. *Williams,* 403 Ill. 429.) Here, proof that Campbell owned the gun would not constitute a complete defense, and defendants do not appear to have been diligent in discovering the ownership of the gun prior to trial. Moreover, defendants have never suggested, in either their pleadings or at the hearing, that any evidence of fraudulent concealment exists. The *coram nobis* and *coram vobis* motions were properly denied.

We now consider the pleadings in the final context as a petition for relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, pars. 122—1 *et seq.*) We find that defendants have made only bare allegations that the State withheld evidence favorable to the defense, and knowingly used false evidence. The affidavits of Mrs. Birdsong and Raymond Campbell contain no suggestion that the State knew at trial that Campbell owned the gun. Being devoid of support, the conclusory allegations fail to make a substantial showing of a violation of constitutional rights. Relief under the Act was therefore properly denied. *People* v. *Smith,* 44 Ill.2d 82; *People* v. *Brown,* 41 Ill.2d 503; *People* v. *Orndoff,* 39 Ill.2d 96; *People* v. *Ashley,* 34 Ill.2d 402.

The judgment of the circut court of Du Page County is accordingly affirmed.

*Judgment affirmed.*

Mr. JUSTICE DAVIS took no part in the consideration or decision of this case.