THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* ALVIN FREEMAN, Petitioner-Appellant.

(No. 58938; )

First District (4th Division)—January 16, 1974.

*Rehearing denied March 17, 1975.*

Gary Sternberg, of Mehlman, Spitzer, Addis, Ticho, Susman, Randall, Horn & Pyes, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and John M. Cutrone, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

The petitioner-appellant, Alvin Freeman, was tried and convicted for the offense of armed robbery in August of 1972 and was sentenced to a term of from five to seven years. In December of 1972 the petitioner filed a motion under section 72 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72) and sought a new trial on the basis of newly discovered evidence. The petition for a new trial alleged that subsequent to the petitioner's conviction two other specifically designated persons made statements in which they admitted committing the offense for which the petitioner was convicted. The petition was supported by affidavits of various people who asserted they had knowledge of these statements.

The case was called before the trial court on January 19, 1973. The State filed what was denominated as an "Answer to Defendant's Motion for New Trial" but in substance it was a motion to dismiss and the trial court so treated it. Arguments were heard on the State's motion to dismiss but the trial court decided to hold in abeyance its ruling on the legal sufficiency of the petitioner's petition. The trial court at this time suggested to petitioner's counsel that he subpoena George Gunther and James Duke the two individuals who allegedly made the statements that they committed the offense for which the petitioner was convicted. It was also suggested by the trial court that Thomas Helstrom, the State's occurrence witness who testified at the original trial, be subpoenaed.

The case came on for hearing again on February 9, 1973 and the trial court initially allowed the State's motion to dismiss. However, when the trial court was informed that James Duke was present, it temporarily suspended its order dismissing the petitioner's petition. The trial court requested that James Duke be brought before it to testify and stated, "I want to satisfy for myself whether there is any basis to your affidavit before I rule on the motion to dismiss your petition." James Duke was questioned by petitioner's counsel and he denied ever having stated to any of the affiants that he committed the armed robbery for which the petitioner was found guilty. The trial court then requested James Duke to read the affidavit of one Howard Splinter. This affidavit alleged that Mr. Splinter had had numerous conversations with both James Duke and George Gunther in which they admitted having committed the armed robbery for which the petitioner was found guilty. After reading the affidavit James Duke testified it was not correct as it pertained to him. The trial court then granted the motion to dismiss the petition. Petitioner's counsel requested that a recess be granted and that he be allowed

to present other evidence. The trial court refused and stated it had allowed James Duke to testify and that "As a legal matter I have examined your petition and in this Court's opinion it does not state a basis upon which this Court can grant relief. So for that reason the petition will be dismissed." The petitioner now appeals the dismissal of his petition.

It is the petitioner's contention that section 72 of the Illinois Civil Practice Act allows the granting of new trials on the basis of newly discovered evidence in civil cases but not in criminal cases. The petitioner maintains that this violates the equal protection clauses of both the United States and Illinois Constitutions. Petitioner also contends that the Illinois rule prohibiting the granting of new trials in criminal cases on the basis of newly discovered evidence violates the due process clauses of the United States and Illinois Constitutions. The State, however, contends that the trial court did not summarily dismiss the petitioner's section 72 petition but did so only when the factual basis for the affidavits which accompanied the petition was not proven. While we agree with the petitioner that the trial court dismissed the petition as insufficient as a matter of law, we find no merit in the petitioner's constitutional arguments.

■■ Our Supreme Court has held in both criminal and civil cases that a section 72 petition does not afford a means of relief on the basis of newly discovered evidence. Section 72 of the Illinois Civil Practice Act is a statutory substitute for the relief formerly obtainable by a writ of error *coram nobis.* In *People v. Touhy* (1947), 397 Ill. 19, at 28, 72 N.E.2d 827 at 832, a criminal case, the court stated:

> "[T]he contention is not well taken that the common law writ of error *coram nobis,* or its statutory substitute in this State, is available as a remedy for newly discovered evidence or for alleged perjured testimony. We have this day, in *People v. Gleitsman,* 396 Ill. 499, reaffirmed this court's adherence to the rule that a writ of error *coram nobis* does not lie to correct false testimony, nor for newly discovered evidence." Accord *People v. Sheppard,* 405 Ill. 79, 90 N.E.2d 78, 1950; *Williams v. People,* 31 Ill.2d 516, 202 N.E.2d 468, 1964; *People v. Colletti,* 48 Ill.2d 135, 268 N.E.2d 397, 1971.

In *Schuman v. Department of Revenue* (1967), 38 Ill.2d 571, 232 N.E.2d 732, a civil case, the Illinois Supreme Court held that a section 72 petition did not lie for newly discovered evidence. Therefore, contrary to the petitioner's contention there is not a different rule applicable to criminal cases as opposed to civil cases. Newly discovered evidence can-

not be the basis for section 72 relief in any case. Since all cases in this jurisdiction are treated in a similar manner it is unnecessary to discuss the petitioner's denial of equal protection argument.

■■ The petitioner's next contention is that the Illinois rule prohibiting in criminal cases the granting of new trials requested on the basis of newly discovered evidence violates the due process clauses of the fourteenth amendment to the United States Constitution and article I, section 2 of the Illinois State Constitution. Petitioner maintains that under present law, persons convicted of crimes in the courts of this State can never obtain new trials when evidence subsequent to the time of conviction has been newly discovered. As previously alluded to, there is no express rule in this State that newly discovered evidence, cannot be the basis for a new trial in a criminal case. The rule reiterated by the trial court is that newly discovered evidence cannot be the basis for relief under section 72 of the Civil Practice Act.

■■ The State of Illinois does have a habeas corpus statute which provides as a cause of discharge when in custody on process of court that "[T]hough the original imprisonment was lawful, yet, by some act, omission or event which has subsequently taken place, the party has become entitled to his discharge." (Ill. Rev. Stat. 1971, ch. 65, par. 22.) As stated in *People v. Loftus* (1948), 400 Ill. 432, at 435 to 436, 81 N.E.2d 495, at 498, "*Habeas corpus* is applicable to a situation, among others, where the judgment is void by reason of matters not appearing in the record. The claims of the petitioner must be presented to the court, * * * by a proper petition showing facts which, if true, would render the judgment void." Formerly a petition for a writ of habeas corpus could only be utilized to question the jurisdiction of an Illinois Court or the validity of the *mittimus* under which the petitioner is confined. However, it has been held that errors of fact or constitutional questions can be reached under a petition for a writ of habeas corpus. *People v. Loftus, supra; People v. Wilson* (1948), 399 Ill. 437, 78 N.E.2d 514; *People v. Shaffner* (1948), 400 Ill. 174, 79 N.E.2d 200.

> "It may be that after judgment by a court of competent jurisdiction, a latter occurrence has rendered relator's incarceration illegal. In such a case, even though the court had original jurisdiction to imprison the relator, a petition for a writ of habeas corpus is the proper and effective procedure." George N. Leighton, *Post-Trial Procedures,* 47 Ill. B.J. 261, at 277 (1958).

It should also be noted that after available State remedies have been exhausted, Federal habeas corpus can be utilized. As held in *Townsend v. Sain,* 372 U.S. 293, at 313, 9 L.Ed.2d 770, at 786, 83 S.Ct. 745 at 757,

"[A] federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If * * * (4) there is a substantial allegation of newly discovered evidence."

■■■ It does not constitute a denial of due process to hold that one means of relief is inappropriate to the facts of the controversy when other appropriate means of relief are available. The petitioner in the case at bar was not denied due process of law by the trial court's dismissal of his section 72 petition but was relegated to seek the relief he desired by the appropriate means. For the reasons herein stated the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER and JOHNSON, JJ., concur.