(No. 48631.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. RICHARD YARBROUGH, Appellee.

*Opinion filed May 20, 1977.—Rehearing denied Oct. 3, 1977.*

William J. Scott, Attorney General, of Springfield, and Robert H. Rice, State's Attorney, of Belleville (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, and Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Michael J. Rosborough, Deputy Defender, Office of State Appellate Defender, of Mt. Vernon, for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

A jury in the circuit court of St. Clair County found the defendant, Richard Yarbrough, guilty of armed robbery (Ill. Rev. Stat. 1971, ch. 38, par. 18—2), and he was sentenced to a term of imprisonment of not less than 4 nor more than 12 years. The appellate court reversed (38 Ill. App. 3d 396), and we granted the People's petition for leave to appeal (58 Ill. 2d R. 315).

Eugene Compton testified at trial that he operates the Metro Barber College in East St. Louis. The first floor of the building housing the school serves as a barber shop, and the second floor as a classroom. The second floor is connected to the first floor by stairs located in the front of the building. The witness stated that on the afternoon of February 5, 1972, between 4:30 and 5 p.m., he and his students were in the classroom. Compton said that a man who was not one of his students appeared at the top of the stairs and that when he first saw him he was approximately 8 to 10 feet from the man. Compton testified that he walked toward the man to ask him why he was in the building and that when he was within 3 to 4 feet of him, the man drew a revolver from under his coat. The man ordered Compton and his students to lie on the floor. The

witness said that the intruder and a companion, whom Compton was not in a position to see, then took his wallet containing $80, his keys, a briefcase which contained checks, a revolver and records. He described the robber as being a black man, 5 feet 10 inches in height, thin-faced and of normal build. The man wore a car coat, a red wide-brimmed hat, and sunglasses. He testified that the lighting in the classroom was similar to that in the courtroom, that he viewed the robber for about 30 seconds, and that his view was not impaired by the robber's hat. He positively identified the defendant as the robber and said that he had identified the defendant at a preliminary hearing held in March of 1972.

Compton, on cross-examination, said that he might have viewed the defendant for only 25 seconds, rather than 30. He stated that the intruder's glasses were tinted and that one could see the wearer's eyes through them. He said that the intruder had sideburns and that he did not notice anything unusual about his nose. He testified that the part of the police report setting out the description given of the robbers (which differed from his description) was inaccurate. He said that subsequent to the robbery a "confidential" source had told him that "a Richard Yarbrough" was involved in the robbery and he had passed on to the police this name and the names of three other men the source had named. He was asked the name of this "source" and he said that was confidential information. An off-the-record colloquy at the bench then took place. The questioning resumed and Compton said the "source" didn't want his name disclosed. The cross-examiner asked whether it wasn't true that the witness had no way of knowing if the "source" had told the truth and Compton said he knew he had told the truth. When asked why, Compton said he knew it because he had identified the defendant as the robber.

Compton had also identified the defendant as the

robber at a lineup held shortly after the robbery. This testimony was suppressed, however, prior to trial on the ground that the defendant had been illegally detained on an unrelated misdemeanor charge at the time the lineup was conducted.

Another witness for the prosecution, Robert Yates, testified that he was a student at Metro Barber College in February of 1972, and that he was in the classroom at the time of the robbery. He stated that Compton had been sitting with his back to the door when the robber appeared at the top of the stairs and that he, the witness, had been standing in front of the steps. He testified that the robber drew a gun from under his coat or sweater and ordered everyone to lie on the floor. Yates stated that he viewed the intruder for only 4 or 5 seconds and that Compton never had an opportunity to stand up, because the other robber shoved Compton to the floor. The witness described the robber as 5 feet 8½ to 9 inches tall, thinly built with a flat nose and with a small goatee. He wore dark glasses and a red or maroon hat.

The appellate court, with one judge disagreeing, noted the variance between the testimony of Compton and Yates and reversed the conviction, saying the evidence was insufficient to warrant a conviction.

We agree with the dissenting judge that the question involved was one of credibility and was for the jury to decide. In *People v. Stringer* (1972), 52 Ill. 2d 564, 569, this court said that " 'where the identification of the accused is at issue, the testimony of one witness is sufficient to convict, even though such testimony is contradicted by the accused, provided the witness is credible and he viewed the accused under such circumstances as would permit a positive identification to be made. [Citations.]' " (See also *People v. Guyton* (1972), 53 Ill. 2d 114; *People v. Ikerd* (1963), 26 Ill. 2d 573; *People v. Capon* (1961), 23 Ill. 2d 254.) Here Compton

testified that he observed the robber for at least 25 to 30 seconds and that he stood no farther than 3 to 4 feet from him. He had also identified the defendant as the robber at the preliminary hearing held 8 weeks after the robbery. The trial court denied a pretrial motion made by the defendant to suppress any in-court identification Compton might make, holding that Compton had had an adequate opportunity to observe the robber at close range. Compton's in-court identification of the defendant was positive. There is nothing to suggest he was not to be judged a credible witness, and his testimony on direct examination was not disturbed by the defendant's cross-examination.

Yate's testimony, of course, did conflict with that of Compton. Conflicts in testimony are certainly not uncommon. The resolution of questions of fact is for the jury. The credibility of witnesses is for the jury to assess, and the jury here obviously preferred the testimony of Compton to that of Yates. A court of review will not set aside a jury's verdict unless the evidence presented at trial is so improbable as to raise a reasonable doubt of guilt. (*People v. Zuniga* (1973), 53 Ill. 2d 550; *People v. Stringer* (1972), 52 Ill. 2d 564.) We do not draw that conclusion based upon the record presented here.

The defendant raised two issues in the appellate court which that court did not consider when it considered his appeal. We have the briefs filed by the parties in the appellate court and will consider these issues rather than remand the case to the appellate court.

The defendant argues that his conviction must be reversed because Compton's in-court identification of him was not based solely upon his observations at the time of the crime. He relies on *People v. Connolly* (1973), 55 Ill. 2d 421, *People v. Taylor* (1972), 52 Ill. 2d 293, and *People v. Pagan* (1972), 52 Ill. 2d 525, to support his contention. However, as these cases show, before such a contention will be entertained it must be alleged that an

unnecessarily suggestive identification occurred. (See, *e.g.*, *People v. Taylor* (1972), 52 Ill. 2d 293; *People v. Blumenshine* (1969), 42 Ill. 2d 508.) Before this court the defendant has conceded that there was no suggestive identification. He acknowledges: "The instant cause does not present a question of whether Compton's in-court identification should have been suppressed as a result of suggestive pre-trial confrontation."

The defendant's other contention is that Compton's not identifying on cross-examination the person who gave him the defendant's name denied him the constitutional right to confront his accuser and required that Compton's testimony be stricken or that the charges against the defendant be dismissed. The defendant, however, did not protest when Compton did not answer the question. He did not ask the court to instruct the witness to answer nor did he move to strike Compton's testimony. He did not ask the trial court to take any other action. Under these circumstances, it must be considered that the defendant waived any ground for complaint. Wigmore states:

> "Even though the case is a proper one for disclosure [of identity], the court will not on its own motion require the government to reveal the source of its information; the defense must demand disclosure and, if it is refused, move to strike the related testimony or to dismiss the action, as circumstances indicate." 8 Wigmore, Evidence sec. 2374, at 771-72 (McNaughton rev. ed. 1961).

See also *People v. Williams* (1963), 28 Ill. 2d 114; *People v. Brown* (1964), 30 Ill. 2d 297.

For the reasons given, the judgment of the appellate court is reversed and the judgment of the circuit court of St. Clair County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*