CARLA KRZYZAK, Plaintiff-Appellant, *v.* K. V. PILLAY *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 77-419

Opinion filed February 7, 1978.

John D. Hayes & Associates, Ltd., of Chicago (John D. Hayes and William L. Barr, Jr., of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Howard T. Brinton, Fred E. Schulz, and John M. Stalmack, of counsel), for appellees.

Mr. JUSTICE PUSATERI* delivered the opinion of the court:

On December 11, 1975, Carla Krzyzak, brought this action against three defendants, the County of Cook, which then operated Cook County Hospital, Dr. Pillay and Dr. West, alleging that Doctors Pillay and West performed surgery on plaintiff on October 29, 1968, in a negligent manner, causing her personal injuries. The County of Cook and Dr. Pillay moved to dismiss count II of the amended complaint because the original complaint was not filed within the period set forth in the statute of limitations (Ill. Rev. Stat. 1975, ch. 83, pars. 15 and 22), which required plaintiff, who was born on July 25, 1954, to bring an action for personal injuries within two years after reaching the age of 18, that is, by July 25, 1974. The trial court dismissed count II of the complaint and found no just reason to delay enforcement or appeal. (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a).) Plaintiff contends that (1) the statute of limitations was tolled because she was a ward of the State until June 24, 1975; and (2) her interests and those of her guardian were in conflict, thereby preventing the filing of her action.

From the pleadings filed and the trial court's order it was established that plaintiff had been declared a ward of the Juvenile Court on

---

* Mr. JUSTICE PUSATERI approved this opinion prior to the effective date of his resignation from this court.

September 17, 1970, that Richard Laymon, guardian administrator of the Illinois Department of Children and Family Services had been appointed her guardian and that she remained a ward of the court under this guardianship until June 24, 1975, when the Juvenile Court entered an order of discharge. It also appears that plaintiff married on June 9, 1973.

Section 14 of the Limitations Act requires personal injury actions to be brought within 2 years of the injury and section 21 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, pars. 15, 22) provides certain exceptions to the general limitations statute. As amended, effective July 1, 1972, section 21 provides: "If the person entitled to bring an action, mentioned in the 9 preceding Sections, is, at the time the cause of action accrued, within the age of 18 years, or insane, or mentally ill, or imprisoned on a criminal charge, he or she may bring the action within 2 years after the disability is removed." The present action was not timely filed under these provisions, since it was not filed on or before July 25, 1974, but in fact was filed on December 11, 1975.

In support of her position that the statute of limitations was tolled until after termination of her guardianship status, plaintiff relies upon cases where no action could be brought because the parties were not capable of suing or the law prohibited commencement of the action. Plaintiff cites *United States Fidelity & Guaranty Co. v. Dickason* (1917), 277 Ill. 77, 84, 115 N.E. 173, which involved an action to recover a bond after the limitation period had expired. But, in that case, the Illinois Supreme Court found that defendant could plead the limitations statute as a bar, absent an agreement to the contrary. The court reiterated the general rule that the period of limitations is subject only to exceptions contained in the Limitations Act, itself. While the court recognized that there were decisions from other jurisdictions which would not strictly adhere to such rule, it concluded the position which it adopted was better reasoned and was supported by the weight of authority.

In *Morgan v. People* (1959), 16 Ill. 2d 374, 158 N.E.2d 24, cited by defendants, the Illinois Supreme Court treated the petition filed therein as filed under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1957, ch. 110, par. 72) and held that a prisoner was not exempt from bringing the action within the two-year time limit therein set forth. Specifically the court rejected the argument that the exceptions set forth in section 21 of the Limitations Act should apply, noting that exceptions to a statute of limitations will not be implied, and that if the legislature had not seen fit to except a class of persons from the operation of a statute, the courts will not do so.

■■ ■ We see no conflict between the proposition that the Juvenile Court might retain jurisdiction over an individual until he reaches the age

of 21 (*In re Armour* (1974), 59 Ill. 2d 102, 319 N.E.2d 496), and the fact that the general statute of limitations for commencement of a personal injury action would apply to the individual upon his attaining the age of 18 years. Such individual may be emancipated for purposes of the general statute of limitations yet remain subject to the jurisdiction of the Juvenile Court. We conclude that there was no legal bar by reason of any qualification or savings provision in the statute of limitations, or any other statute, including the Juvenile Court Act, which prevented plaintiff from bringing this action within two years after she reached her 18th birthday.

■■ Plaintiff also argues that there was a conflict of interest on the part of her guardian, which operated to her detriment, due to the fact that the Illinois Department of Children and Family Services depends in part upon the County of Cook, which plaintiff says is a "major source" of its funding. Without citation of authority, plaintiff claims that the guardian's "interest in protecting the source of a large segment of the funding for his organization conflicted directly with plaintiff's interest in pressing her claim." This contention was never presented to or passed upon by the trial court. We further note that there is no basis in the record to support the argument that there was any actual conflict of interest between the Department of Children and Family Services and the County of Cook which could in any way be said to have prevented or hindered the guardian from bringing an action against the County of Cook. Under the circumstances, we find that this contention is without merit.

Accordingly, the judgment of the circuit court of Cook County dismissing count II of the complaint is affirmed.

Judgment affirmed.

STAMOS, P. J., and DOWNING, J., concur.