UNITED STATES ex rel. Sam
**GAYDEN, Petitioner,**

v.

**Kenneth McGINNIS, Warden, et al., Respondents.**

No. 83 C 5307.

United States District Court,
N.D. Illinois, E.D.

Nov. 30, 1983.

---

Greg Harris, Northwestern Legal Clinic, Chicago, Ill., for petitioner.

Neil F. Hartigan, Atty. Gen., by Michael V. Accettura, Asst. Atty. Gen., State of Ill., Chicago, Ill., for respondents.

## OPINION

BUA, District Judge.

Sam Gayden ("Gayden") has filed a habeas corpus petition against Kenneth McGinnis, Warden of Stateville Correctional Center ("McGinnis") and others. Gayden advances two grounds for relief:

1) The admission of a preliminary hearing transcript violated Gayden's right to confront the witness; and

2) The State did not prove Gayden guilty beyond a reasonable doubt.[1]

McGinnis now moves for summary judgment under Fed.R.Civ.P. 56 claiming that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. For the reasons stated herein, this Court grants McGinnis' motion and denies the writ. This Court's jurisdiction rests upon 28 U.S.C. § 2254.[2]

### Facts

On March 1, 1980, Sammie Jones ("Jones") and his employee, Morris Standifer ("Standifer") were robbed by two armed men as Jones and Standifer closed Jones' gas station located on the south side of Chicago. Jones was shot in the hand by one of the robbers during a struggle. Petitioner Gayden and Moses Ladd ("Ladd") were arrested for the crime and charged with armed robbery, armed violence and aggravated battery.

At a preliminary hearing on June 25, 1980, Jones testified that the area was lighted when the robbery occurred and that he had adequate opportunity to view Gayden. Jones described the circumstances of the robbery and identified Gayden as the man who shot him.

At the preliminary hearing, defense counsel cross-examined Jones regarding his identification of Gayden. Defense counsel was precluded from asking Jones if he had seen Gayden subsequent to the robbery. However, defense counsel did question Jones about whether he had seen Gayden prior to the robbery and Jones indicated that he had seen Gayden after the robbery. Inquiries from defense counsel about photo and lineup identifications by Jones were precluded at the hearing.

Prior to trial, Jones died. At a bench trial in the Circuit Court of Cook County, Jones' preliminary hearing transcript was introduced into evidence. Defense counsel's motions to bar introduction of the transcript because of attorney conflict of interest at the preliminary hearing and an inadequate opportunity to cross-examine Jones were denied. Defense counsel's motion to suppress an identification because of an improper lineup was also denied.[3]

At the trial, Standifer gave testimony which corroborated Jones' preliminary hearing testimony. Gayden was convicted of armed robbery, armed violence and aggravated battery and was sentenced to two 10-year concurrent terms of imprisonment.

---

1. In his petition, Gayden also claimed that he was denied effective assistance of counsel. However, this claim has since been withdrawn.

2. The state admits that Gayden has exhausted his state remedies as required by 28 U.S.C. § 2254(b). This Court agrees. *See, United States ex rel. Pascarella v. Radakovich*, 548 F.Supp. 125, n. 1 (N.D.Ill.1982).

3. Evidence developed during the motion did not disclose any suggestive procedures. The constitutionality of the photo and lineup identifications is not here presented for review by this Court.

The Illinois Appellate Court affirmed the trial court's decision.[4] The Illinois Supreme Court denied Gayden's petition for leave to appeal. Gayden then filed the instant habeas corpus petition with this Court.

## I. *Scope of Review*

■ A federal court's power of review in a habeas corpus proceeding is limited. The federal court must base its decision on the same record considered by the state appellate court. Underlying factual determinations of the state appellate court are presumed to be correct unless it is established that the determination falls within one of the exceptions of 28 U.S.C. § 2254(d). If none of the exceptions of 28 U.S.C. § 2254(d) is applicable, then a federal court must defer to the state court findings and the burden is on the petitioner to show by convincing evidence that the state court's factual determination was erroneous. *Sumner v. Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981); *United States ex rel. Ross v. Franzen*, 688 F.2d 1181, 1184 (7th Cir.1982).

■ Though perhaps unclear at times, there is a distinction between factual determinations, which warrant the presumption of correctness, and mixed determinations of fact and law, which do not. The phrase "issues of fact" refers "to what are termed basic, primary or historic facts; facts 'in the sense of a recital of external events and the credibility of their narrators....' " *Townsend v. Sain*, 372 U.S. 293, 309, 83 S.Ct. 745, 755, 9 L.Ed.2d 770 (1963), quoting *Brown v. Allen*, 344 U.S. 443, 506, 73 S.Ct. 397, 445, 97 L.Ed. 469 (1953) (opinion of Frankfurter, J.); *United States ex rel. Ross v. Franzen*, 688 F.2d 1181, 1184 (7th Cir.1982). However, if the issue is one requiring an application of legal principles to the historical facts of the case, the presumption does not apply and the state court holding is open to review *de novo* in a

federal habeas corpus proceeding. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Cain v. Smith*, 686 F.2d 374, 379–80 (7th Cir.1982).

After a study of the Illinois Appellate Court's opinion, this Court agrees with the state appellate courts underlying factual determinations. Since none of the statutory exceptions is applicable and Gayden has not rebutted the factual determinations with sufficient convincing evidence, this Court will apply the presumption of correctness to the state court factual findings and apply the law accordingly. As discussed below, this Court also agrees with the state appellate court's determinations of the issues of law.

## II. *Petitioner's Claims*

### A. *Right to Confront Witness*

Gayden contends that the introduction at trial of Jones' preliminary hearing testimony violates his Sixth Amendment right to confront the witness. Gayden contends that he was unable to cross-examine the witness since the witness died prior to trial.

■ The Sixth Amendment's Confrontation Clause requires that "in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." Reflected in the Confrontation Clause is a preference for face-to-face confrontation at trial, thus enabling the trier of fact to directly observe the demeanor of the witness in evaluating his credibility. *Barber v. Page*, 390 U.S. 719, 725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968); *Mattes v. Gagnon*, 700 F.2d 1096, 1101 (7th Cir.1983). In addition, the Confrontation Clause assures that the accused has the opportunity to cross-examine the witness against him. *Id.* Despite these purposes, however, on occasion public policy requires that confrontation at trial be dispensed with. *Ohio v. Roberts*, 448 U.S.

---

4. Gayden's conviction of armed violence was reversed by the state appellate court. The armed violence conviction was predicated on Section 12–4(b)(1) of the Illinois Criminal Code involving the offense of aggravated battery. Because the presence of a weapon served to en-

hance the offense of battery to that of aggravated battery, use of the weapon could not also serve as the basis for the independent offense of armed violence. The state appellate court found that there was no basis to disturb the judgment of the trial court on the other charges.

56, 64, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980). In such instances, including as in the case at bar, where necessary for effective law enforcement, *Mattes, supra,* the Court must ensure that a satisfactory basis exists for evaluating the truth of a prior out-of-court statement, so that the purpose behind the Confrontation Clause relating to the determination of credibility and truth may be served.

██ A two-part test is utilized to determine whether a need for the exception exists and whether the factfinder can test the accuracy of the statement. *Valenzuela v. Griffin,* 654 F.2d 707 (10th Cir.1981). The first part of the test involves unavailability of the witness. The prosecution must demonstrate the unavailability of the declarant whose statements are to be used against the defendant. *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1979). The witness' unavailability creates a need for introduction of the statements.

In the case at bar, there is no question about the unavailability of the witness as Jones had died prior to trial. Thus, the first part of the test is satisfied.

The second part of the test involves indicia of reliability. The prior statement must bear sufficient indicia of reliability because the factfinder's opportunity to evaluate the credibility of the witness is dispensed with. *Ohio v. Roberts,* 448 U.S. at 65, 100 S.Ct. at 2538; *Valenzuela v. Griffin,* 654 F.2d at 709. Courts have found indicia of reliability in situations where the prior statement was made before a judicial tribunal, the defendant was represented by counsel, and the defendant had an opportunity to cross-examine the witness about his statement. *See, Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1979); *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). In both *Roberts* and *Green,* preliminary hearing testimony was found to bear sufficient indicia of reliability.

██ In the case at bar, Jones' statements were made at a preliminary hearing regarding charges against Gayden. Jones was under oath and Gayden was represented by counsel. The record and findings of the state appellate court indicate that Jones' testimony included statements about the lighting at the time of the robbery, the struggle which occurred and his opportunity to view Gayden. Gayden's counsel cross-examined Jones concerning his identification of Gayden and questioned Jones about whether he saw Gayden before and after the robbery. Although cross-examination regarding whether Jones had seen Gayden after the robbery was precluded, the lack of questioning does not destroy the reliability of Jones' testimony. Jones' preliminary hearing testimony was corroborated by the trial testimony of Standifer, Jones' employee. So long as it bears sufficient indicia of reliability, the cross-examination at a preliminary hearing need not be identical to that anticipated at trial in order for the preliminary hearing testimony to be introduced at trial. *United States ex rel. Haywood v. Wolff,* 658 F.2d 455 (7th Cir. 1981). Clearly, the transcript of Jones' preliminary hearing testimony bears such indicia.

██ Having satisfied the two-part test, unavailability and indicia of reliability, Jones' preliminary hearing testimony justifies application of an exception to the Confrontation Clause. This Court concludes that Gayden's Sixth Amendment right to confrontation was not violated by introduction of Jones' preliminary hearing transcript.

### B. *Guilt Beyond a Reasonable Doubt*

Gayden contends that the State did not prove his identity as the assailant of Sammie Jones, the victim, beyond a reasonable doubt because Jones' preliminary hearing transcript was the sole basis for Gayden's conviction. Gayden's contention is based on claims that the preliminary hearing and trial is devoid of positive identification of Gayden, the trial judge did not assess Jones' credibility as witness and no corroboration of Jones' identification occurred at trial.

Gayden's contention is without merit. As discussed in Section A, Jones' preliminary hearing testimony bore sufficient indicia of reliability and could be introduced at trial against Gayden since Jones was unavailable for trial. Contrary to Gayden's claim, Jones identified Gayden as his assailant in the preliminary hearing testimony. As introduced, the preliminary hearing testimony was sufficient to establish Gayden's guilt. The testimony of a single witness is sufficient to establish guilt. *United States v. Danzey,* 594 F.2d 905, 916 (2d Cir.1979); *People v. Yarbrough,* 67 Ill.2d 222, 10 Ill.Dec. 213, 367 N.E.2d 666 (1977). The state appellate court's finding of fact demonstrates the reliability of the testimony. This Court finds that there is an adequate basis for concluding that the evidence was sufficient to establish Gayden's guilt. This Court agrees with the state appellate court's determination that the state trial court could rely on Jones' preliminary hearing testimony to establish Gayden's guilt.

Jones' preliminary hearing testimony was corroborated by testimony at trial of Jones' employee, Standifer. Standifer was present at the robbery and testified regarding details of the robbery. This testimony enhanced the credibility of Jones' preliminary hearing testimony, justifying the trial court's reliance on the testimony of Jones to establish Gayden's guilt.

The claim that the trial judge did not assess the witness' credibility does not prevent a finding of guilt. This lack of opportunity to observe the witness has been disposed of in discussion regarding the reliability of the prior testimony. Since the exception to the Confrontation Clause exists, this claim is without merit. See Section A above.

In a habeas corpus proceeding challenging a state court conviction, the applicant is entitled to relief if it is found that upon the record evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1978). As stated above, Jones' preliminary hearing transcript was sufficient to establish Gayden's guilt. In addition, Jones' testimony was corroborated at trial. This evidence would convince a rational trier of fact of Gayden's guilt beyond a reasonable doubt. Thus, this Court finds that the determination by the state trial and appellate courts of guilt beyond a reasonable doubt must be upheld.

### Conclusion

For the reasons stated herein, the petition for writ of habeas corpus is denied and respondent's motion for summary judgment is granted.

IT IS SO ORDERED.