(Nos. 36431-32-33-34, Cons.—

THOMAS WITHERS, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed September 22, 1961.*

Thomas P. Cernek, of Chicago, for appellant.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and John T. Gallagher, and M. Robert Ostrow, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

Petitioner commenced these actions in the criminal court of Cook County by filing four petitions under section 72 of the Civil Practice Act, (Ill. Rev. Stat. 1959, chap. 110, par. 72,) requesting that judgments of conviction on four different indictments be vacated and a new trial granted on each. The appeals, which have been consolidated for review, are from orders denying each of the petitions.

The records show that on April 28, 1952, four indictments were returned against the petitioner. Two indictments

charged him with rape, another charged him with armed robbery and the fourth charged him with assault with intent to commit murder. After counsel had been appointed to represent him, he was arraigned on each indictment and pleaded not guilty as to each of them. At the request of petitioner's counsel, the court ordered that a psychiatric examination be made by the Behavior Clinic and a report thereof be made to the court on or before May 28, 1952. The results of the examination are not before us. On motion of petitioner, the cause was continued from May 28 to June 2 and again to June 24 on which day the court permitted him to withdraw his plea of not guilty as to each indictment and plead guilty as to each of them. The court accepted the pleas of guilty and entered judgments of conviction on the pleas. The sentences fixed by the court were 70 years confinement in the penitentiary for each rape, 10 to 20 years for the armed robbery and 12 to 14 years for the assault with intent to commit murder.

The petitions filed under section 72 are identical and were all filed on October 27, 1960. It is alleged in each petition that the petitioner was insane before, during and after his trial and that he was not advised of the consequences of his plea of guilty as required by Rule 26(3). (Ill. Rev. Stat. 1959, chap. 110, par. 101.26(3). In support of each of the petitions there is an affidavit by the petitioner.

The question of whether a defendant was mentally competent to enter a plea of guilty, upon which the court rendered its judgment of conviction, is properly raised by a petition under section 72 of the Civil Practice Act. (*Costas* v. *People,* 9 Ill.2d 534; *People* v. *Samman,* 408 Ill. 549; *Schroers* v. *People,* 399 Ill. 428.) Section 72 requires that the petition be filed within two years after the rendition of final judgment, but the time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed is to be excluded in computing the period of two years. We have consistently held that

it is proper to dismiss a petition upon motion when it has not been filed within the statutory period. *Morgan* v. *People,* 16 Ill.2d 374; *Ephraim* v. *People,* 13 Ill.2d 456; *Burns* v. *People,* 9 Ill.2d 477; *People* v. *Rave,* 392 Ill. 435; *People* v. *Sprague,* 371 Ill. 627.

The petitions in this case were filed over eight years after final judgments. The petitions allege that immediately upon commitment petitioner was placed in the psychiatric division of the penitentiary system where he was treated for a period of thirty months and that he was recommitted to that division in June, 1956, where he again underwent extensive psychiatric treatment until his return to the prison population in July, 1958. The petitions are silent, however, as to petitioner's mental condition between July, 1958 and October 27, 1960, the date the petitions were filed.

The petitioner asserts that the petitions tend to prove that he was insane and in a mental institution for four years and seven months immediately after the final judgments and that the two-year limitation provided by section 72 was tolled during that period. He admits that the petitions were filed approximately 27 months after his return to the prison population, but he argues that there was no restoration hearing.

It is apparent that the petitioner believes his confinement in the psychiatric division of the penitentiary system shows that he was insane. While confinement in the psychiatric division tends to show that the person was mentally disturbed or defective, it does not show that he was insane or feeble minded. (See Ill. Rev. Stat. 1959, chap. 108, par. 112.) No affidavits or reports of doctors who examined the petitioner have been attached to the petitions and there is no suggestion as to the reason for his confinement in that division. In addition, the Department of Public Safety may transfer prisoners to or from that division by simple administrative procedure. See Ill. Rev. Stat. 1959, chap. 108, pars. 109-113.

Since there was no adjudication as to petitioner's mental condition, an adjudication of restoration would be meaningless. Transfer to the psychiatric division was not a determination of insanity but tends to show at most that petitioner needed some mental treatment. His transfer to the prison population in like manner tends to indicate that he no longer required mental treatment. We are of the opinion that the petitions failed to show a legal disability and that they were not therefore filed within the time required by section 72.

The petitions, in any event, fail to show a right to the relief sought. It is necessary that a petition under section 72 allege sufficient facts to show a right to the relief sought and the legal sufficiency of the petition can be tested by a motion to dismiss. (*People* v. *Lewis*, 22 Ill.2d 68; *Glenn* v. *People*, 9 Ill.2d 335; *Thompson* v. *People*, 398 Ill. 366.) All facts well pleaded are, of course, admitted for the purpose of determining the legal sufficiency. *Schroers* v. *People*, 399 Ill. 428.

The only allegation of fact made by the petitioner to show that he was not mentally capable of entering the pleas of guilty was that he was confined to the psychiatric division of the penitentiary system immediately after he was sentenced. The test to be applied in determining whether a defendant has the mental capacity to stand trial is whether he understands the nature and object of the charges against him and can, in co-operation with his counsel, conduct his defense in a rational and reasonable manner. (*People* v. *Bender*, 20 Ill.2d 45; *People* v. *Burson*, 11 Ill.2d 360; *People* v. *Lewis*, 2 Ill.2d 328; *People* v. *Geary*, 298 Ill. 236.) If the defendant does understand the nature and object of the charges against him and can, in co-operation with his counsel, conduct his defense in a rational and reasonable manner, then he is mentally competent to stand trial although upon other subjects his mind may be unsound. (*People* v. *Burson*, 11 Ill.2d 360; *People* v. *Geary*, 298 Ill. 236.) Con-

136

finement in the psychiatric division of the penitentiary system is not based on such a test. There are many prisoners who, although competent to stand trial, are mentally disturbed or defective and require psychiatric treatment. (See Weihofen, Treatment of Insane Prisoners, 1960 Ill. Law Forum 524.) The fact that petitioner was confined in the psychiatric division immediately upon commitment to the penitentiary system does not *ipso facto* lead to the conclusion that he was not mentally competent to stand trial or enter the pleas of guilty.

The question of whether petitioner was properly admonished of the consequences of his pleas of guilty is properly one for review on writ of error and not by a petition under section 72. See *Thompson* v. *People,* 398 Ill. 366.

The orders of the criminal court of Cook County are affirmed.

*Orders affirmed.*