(No. 36764.— ▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM R. FOLEY, Plaintiff in Error.

*Opinion filed September 27, 1963.*

PERRY RUDMAN and RONALD H. GALOWICH, both of Joliet, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, William R. Foley, was tried by a jury in the criminal court of Cook County and found guilty of unlawful possession of marijuana, a narcotic drug. Judgment was entered on the verdict and he was sentenced to the penitentiary for a term of two to eight years. Relying

upon familiar and now well established concepts as announced in *People* v. *Burson*, 11 Ill.2d 360, the single contention made by defendant on this writ of error is that a *bona fide* doubt of his sanity existed and that the failure of the trial court to conduct a sanity hearing denied him a fair trial.

It appears from the record that the defense was grounded in part on a claim that the substance found in defendant's possession was not marijuana, and that the 50-year-old defendant, who was represented by the public defender, considered himself an expert on marijuana and related plant species. Because of the latter circumstance defendant insisted that he be permitted to take part in his defense and, with the court's permission, aggressively did so by conducting the examination of a botany expert summoned as a court's witness, by making his own final argument to the jury, and by participating forcefully in several colloquies which developed with the court outside the presence of the jury. At the point of trial just before the expert was to testify, defense counsel proposed to the court that defendant's conduct suggested insanity, and that he didn't "believe" defendant could co-operate with counsel. No request for a sanity hearing was made, however, and nothing further came of the matter after the court expressed the opinion that defendant was "a very clever fellow" who "knew what he was doing." Defendant now insists a sanity hearing should have been conducted when counsel's suggestion was made and, in addition, that the court should have ordered such a hearing of its own volition at the conclusion of the case.

The test to be applied in determining a defendant's mental capacity to stand trial is whether he understands the nature and object of the charges against him and can, in co-operation with his counsel, conduct his defense in a rational and reasonable manner. (*People* v. *Richeson,* 24 Ill.2d 182; *Withers* v. *People,* 23 Ill.2d 131.) And if

an accused meets this test, he is mentally competent to stand trial. (*Withers* v. *People*, 23 Ill.2d 131; *People* v. *Burson*, 11 Ill.2d 360.) The record here is replete with manifestations that defendant well knew and understood the nature and object of the charges against him, and that he intelligently participated and co-operated in the defense against them to a degree not normally found in a criminal proceeding. (Cf. *People* v. *Robinson*, 22 Ill.2d 162.) It is true defense counsel stated he "believed" defendant could not co-operate, but he gave no reasons for such a belief nor does any discord or inability to co-operate appear from what is shown in the record. The trial court observed defendant's conduct, manner and conversation throughout the trial and, under all the circumstances, we are of the opinion the court violated no duty of its own, or constitutional right of the defendant, when it did not require a sanity hearing.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*