(No. 40562.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROLLIE WALTER LYONS, Appellant.

*Opinion filed May 28, 1969.*

JOHN E. FICK, of Decatur, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BASIL G. GREANIAS, State's Attorney, of Decatur, (FRED G. LEACH, Assistant Attorney General, and FREDERICK P. ERICKSON, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The appellant, Rollie Walter Lyons, on April 3, 1964, pleaded guilty in the circuit court of Macon County to a

charge of armed robbery and was sentenced to a term of one to twenty years, which was ordered to run concurrently with another sentence he was serving. On January 20, 1967, he filed a petition seeking relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) alleging a violation of his constitutional rights. The petition having been denied after a hearing, he has appealed contending he was not given due process, in that when judgment was entered on his plea of guilty a *bona fide* doubt of his sanity existed and a jury should have been impaneled to determine his competency to stand trial.

The appellant was arrested on November 12, 1963, after he had been wounded in an armed encounter with a police officer, following what the indictment alleged had been his armed robbery of a loan company in Decatur. At the time the appellant had been paroled from the Illinois State Penitentiary for about 18 days. Following a brief hospitalization in Decatur he was again confined in the penitentiary at Menard as a parole violator and it appears that he was lodged in the psychiatric section of the prison.

He was returned to Macon County for trial and the public defender was appointed to represent him. The defender on March 4, 1964, petitioned for a hearing to determine the appellant's competency to stand trial. The appellant in the petition waived the right to a determination of competency by jury and requested the court to conduct the hearing. The court at the request of the appellant appointed two psychiatrists to examine the appellant and report their findings to the court.

On April 3, 1964, the date set for hearing, the court inquired of the public defender if the appellant wished to waive a jury trial on the question of competency. The public defender responded with a request that the court first insure that the appellant desired his services, stating that his client seemingly addressed a communication earlier either to the State's Attorney or the court expressing dissatisfac-

tion with his representation because of alleged delays in the handling of his case. Answering an inquiry from the court the appellant stated that he had written a letter asking the dismissal of the public defender but he added that he wished to withdraw that motion. Following this, the public defender, in the presence of the appellant stated that a jury was waived.

The public defender offered into evidence reports prepared by the two psychiatrists who had been appointed to examine the appellant and then rested. The reports expressed the opinion that the appellant understood the nature of the charge and was able to co-operate with counsel. The State's Attorney offered five exhibits into evidence which were earlier reports of two other psychiatrists who had examined the appellant. One of these exhibits reported the appellant was "confused as to the nature of the charges for [sic] which he is accused and at the present time is unable to cooperate with counsel." The report stated that the patient was receiving "high doses" of indicated medication. However, another of these exhibits was a report prepared by the same psychiatrist following a subsequent examination of the appellant. While it did not specifically discuss the appellant's understanding of the charges against him and his ability to cooperate with counsel, it stated in part: "The present examination revealed that inmate is again in contact with reality, * * *. His thoughts are again logical and coherent. He is well oriented in all categories." Thus, with the exception of the one report, the exhibits indicated that the appellant understood the nature of the charge against him and was able to co-operate with counsel. The court entered a finding that the appellant was competent to stand trial, in that he understood the nature and purpose of the proceeding against him and was able to assist in his own defense.

The appellant's plea of guilty followed. Before accepting the plea the trial court advised the appellant of his right to

a trial by jury and informed him concerning the possible consequences of his plea of guilty. The trial court also questioned him as to whether any promises or threats had been made to secure his plea. The appellant declared his understanding of the court's statements to him and denied any promises or attempted coercion to plead guilty. He stated, too, in reply to the trial court's question, his satisfaction with the public defender's services.

It was agreed at the hearing on the appellant's post-conviction petition that the "principal if not the sole issue" presented was whether the trial court erred in accepting the jury waiver at the competency hearing. Argument was presented only on this issue.

It is clear that an accused may waive a jury in a proceeding to determine his competency. Our statute declares: "If a jury is waived by the defendant, the court shall conduct a hearing to determine the defendant's competency." Ill. Rev. Stat. 1967, ch. 38, par. 104—2(a); *People* v. *Brown*, No. 41666, March, 1969, term.

There is nothing in the record to support a contention that the waiver by the appellant through his attorney was not made with understanding. We said of waivers of jury in *People* v. *Wesley*, 30 Ill.2d 131 at 133: "There is no specific or defined formula which the trier of fact is to follow, or from which to judge whether a waiver is understandingly made, and we believe of necessity that the determination must rest upon the facts of each particular case." A review of the entire colloquy between the trial court and the appellant, in the presence of his counsel, and of the medical reports subsequently introduced compels the conclusion that the appellant adequately understood the proceedings.

The standard of capacity of an accused to stand trial was stated in *Withers* v. *People*, 23 Ill.2d 131, 135: "If the defendant does understand the nature and object of the charges against him and can, in co-operation with his counsel, conduct his defense in a rational and reasonable manner,

441

then he is mentally competent to stand trial although upon other subjects his mind may be unsound."

The medical reports presented to the trial court, including those of the two psychiatrists appointed to examine the appellant, required the conclusion that the appellant was competent to answer the indictment's charges. The report of one of the psychiatrists appointed by the court stated: "* * * there is no question about his ability to understand the nature and the purpose of the proceedings against him. Also, at this time he is able to cooperate with counsel and assist in his defense." The report of the other examination directed by the court concluded: "At the present time I would say that this man knows the difference of right from wrong and can cooperate with his counsel and is able to stand trial."

We affirm the judgment of the circuit court of Macon County.

*Judgment affirmed.*