*In re* CHARLES S., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* CHARLES S., Respondent-Appellant.)

First District (4th Division)   No. 79-579

Opinion filed April 17, 1980.—Rehearing denied May 15, 1980.

Steven Lubet, Joan O'Shaughnessy, and Frances Broadus, all of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Myra J. Brown, and William Gamboney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

On July 18, 1977, following a hearing in the circuit court of Cook County, Juvenile Division, appellant and minor-respondent Charles S. was

found to be a minor in need of supervision (MINS), adjudged a ward of the court, and placed on supervision. No appeal was taken from these orders. On January 10, 1978, following a hearing on a petition for supplemental relief the court entered a finding of parental inability to control appellant and committed him to the custody of the Department of Children and Family Services. In all these hearings appellant was represented by a guardian ad litem who also served as his attorney. On January 25, 1979, having obtained separate counsel, appellant presented a petition to vacate the MINS finding and adjudication of wardship entered on July 18, 1977, as well as the dispositional order of January 10, 1978, committing him to the custody of the Department of Children and Family Services. The State joined in seeking the latter two orders and asked that the case be closed, but objected to the motion to vacate the MINS finding. The trial court refused to vacate the MINS finding but did enter an order vacating the guardianship, terminating the wardship, and closing the case.

Appellant now seeks to appeal from the order denying his petition to vacate the MINS finding. In that petition and on appeal he contends that in the original hearing of July 18, 1977, his due process rights were violated in two ways: (1) he was entitled to counsel other than his guardian ad litem because of an inherent conflict between an attorney's duty to carry out the wishes of his minor client and the duty of a guardian ad litem to act according to his own perception of the minor's best interests; (2) the guardian-attorney entered into an admission on behalf of appellant without any determination on the record by the court that the admission was made knowingly and voluntarily. We do not reach the merits of these contentions for we find that no timely appeal was taken from the order actually being challenged nor were the grounds stated in the petition to vacate proper matters for consideration under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72).

■■■ Appeals in MINS proceedings are governed by the rules applicable to civil cases. (Ill. Rev. Stat. 1977, ch. 110A, par. 660(b).) Accordingly such appeals must be filed within 30 days after entry of the final judgment from which the appeal is taken. (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a).) Failure to do so would ordinarily deprive the reviewing court of jurisdiction and would require dismissal of the appeal. (*In re Wheat* (1979), 68 Ill. App. 3d 471, 386 N.E.2d 278.) Although there is some conflict in the cases as to whether an adjudication of wardship in itself is an appealable order (compare *In re Lee* (1979), 73 Ill. App. 3d 449, 392 N.E.2d 304, with *In re Tingle* (1977), 52 Ill. App. 3d 251, 367 N.E.2d 287), it is clear that an adjudication of wardship coupled with a dispositional order will be appealable. Accordingly the failure of appellant to appeal from the order entered July 18, 1977, within 30 days precluded any direct

appeal. That time limit cannot be extended by the device of subsequently filing a motion to vacate the original order some 17 months after its entry and then appealing from a denial of that motion within 30 days of the denial.

■ However, appellant contends that under section 5—2(3) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—2(3)), the circuit court had continuing authority to vacate its MINS finding until the case was closed. That section states in pertinent part:

> "Unless the order of disposition expressly so provides, it does not operate to close proceedings on the pending petition, but is subject to modification until final closing and discharge of the proceedings ✿ ✿ ✿ "

By its terms this section applies to modification of disposition orders. Clearly such orders by their nature are subject to modification upon a showing of changed circumstances as are orders appointing guardians. (Ill. Rev. Stat. 1977, ch. 37, par. 705—8.) Indeed, in this cause such orders were entered. But appellant has not sought modification of the MINS finding, he seeks to have it vacated. We find no continuing authority in the trial court to enter such an order based on section 5—2(3).

■ Finally appellant contends, without any citation to case authority, that his petition to vacate was properly brought as a section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72). The purpose of a motion under this section is to bring before the trial court facts not appearing in the record which, if known to the court and petitioner at the time judgment was entered, would have prevented its entry. (*People v. Berland* (1978), 74 Ill. 2d 286, 385 N.E.2d 649, *cert. denied* (1979), ___ U.S. ___, 62 L. Ed. 2d 42, 100 S. Ct. 64; *Lacey v. Lacey* (1974), 24 Ill. App. 3d 776, 321 N.E.2d 524.) In large part it provides a modern substitute for a writ of error *coram nobis* and is applicable to set aside a judgment obtained by duress or fraud, or where by some excusable mistake or ignorance of a party and without negligence on his part he has been deprived of a defense which if known to the court would have prevented the judgment. (*People v. Touhy* (1947), 397 Ill. 19, 72 N.E.2d 827, *cert. denied* (1947), 332 U.S. 791, 92 L. Ed. 372, 68 S. Ct. 99; *People v. Hammers* (1977), 48 Ill. App. 3d 1023, 363 N.E.2d 914.) The motion is addressed to errors of fact, not law. (*Burns v. People* (1956), 9 Ill. 2d 477, 138 N.E.2d 525; *People v. Rave* (1946), 392 Ill. 435, 65 N.E.2d 23.) Thus it has been held that a section 72 petition is not a proper vehicle to collaterally attack alleged denials of constitutional rights. (*People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164; *In re Overton* (1974), 21 Ill. App. 3d 1014, 316 N.E.2d 201.) And it has been held to be an improper means of raising issues such as whether a defendant was properly admonished as to the consequences of a plea of guilty (*Withers v. People* (1961), 23 Ill. 2d 131, 177 N.E.2d 203), or

whether a defendant had incompetent counsel (*People v. Gleitsman* (1947), 396 Ill. 499, 72 N.E.2d 208). In this cause appellant raises no factual issues; he asserts that the record itself demonstrates certain due process violations. These matters were not the proper subject of a section 72 petition and the trial court did not err in refusing to vacate the MINS finding.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, P. J., and JIGANTI, J., concur.