THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL A. SMITH, Defendant-Appellee.

Second District No. 2—88—0929

Opinion filed September 12, 1989.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Colleen M. Griffin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Timothy J. McJoynt, of Jones & McJoynt, of Downers Grove, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

The State appeals from an order of the circuit court of Du Page County which vacated the conviction of defendant, Michael A. Smith, for driving while under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)). Defendant brought his motion to vacate pursuant to section 2—1401(a) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(a)) eight months after his conviction following a guilty plea. The State contends that the trial court erred in granting defendant's motion on the basis that the motion did not state adequate grounds for relief under section 2—1401. We reverse.

The record indicates that defendant was arrested on August 12, 1987, and charged with driving while under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)); driving with a blood-alcohol concentration of 0.10 or more (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1)); and driving a motorcycle in violation of his driver's license classification (Ill. Rev. Stat. 1987, ch. 95½, par. 6—

104(a)). Defendant was subsequently charged with criminal damage to State-supported property (Ill. Rev. Stat. 1987, ch. 38, par. 21—4(a)) arising out of damage to a telephone in the Du Page County jail.

On December 3, 1987, defendant appeared without counsel and pleaded guilty to all of the charges except driving with a blood-alcohol concentration of 0.10 or more, which was nol-prossed. The trial court admonished defendant and advised him of his rights. After accepting the guilty plea, the court fined defendant $500 for the DUI conviction, $60 for the violation of driver's license classification conviction, and $100 for the criminal damage to property conviction. Defendant did not move to vacate his plea within 30 days of the convictions or anytime thereafter.

On July 29, 1988, defendant filed a verified motion pursuant to section 2—1401 of the Code to vacate his conviction of driving while under the influence of alcohol. Defendant's motion alleged that (1) he appeared in court without counsel on December 3, 1987; (2) prior to his case being called, defendant spoke with an assistant State's Attorney regarding a plea of guilty; (3) during this conversation, the assistant State's Attorney indicated to defendant that if he were to plead guilty he would probably receive a sentence of court supervision on the charge of DUI; (4) at no time did the assistant State's Attorney inform defendant that a conviction would result in his driving privileges being revoked for at least one year; (5) defendant was under pressure and without the benefit of counsel to advise him of the potential consequences of his plea; (6) the admonishments by the court were incomplete and insufficient in that they failed to advise him regarding the potential consequences of his plea; (7) defendant's father was terminally ill at the time defendant entered his plea; (8) defendant did not receive his notices of revocation and suspension resulting from his conviction in this matter until after the expiration of 30 days from the December 3, 1987, judgment, thus preventing him from filing a timely post-judgment motion to vacate his plea of guilty; and (9) should the court see fit to vacate the convictions, defendant would be able to present a meritorious defense and extenuating circumstances.

At the hearing on the motion, the trial court ruled that it had not adequately admonished unrepresented DUI defendants in general, and this defendant in particular, as to the potential loss of driving privileges resulting from a conviction of DUI. Accordingly, the court ruled that defendant's motion to vacate would be granted on that basis. The court subsequently entered an order in accordance with its oral ruling and set the matter for further proceedings. The State then brought this timely appeal.

■■ ■ We initially note that the State has filed this appeal pursuant to Supreme Court Rule 301 (107 Ill. 2d R. 301), which governs appeals from final orders. Because there are matters still pending below, the State's citation to Supreme Court Rule 301 is incorrect. We nonetheless note our jurisdiction to consider this case under Supreme Court Rule 304(b)(3) (107 Ill. 2d R. 304(b)(3)), which governs appeals from orders granting or denying relief under section 2—1401. (See *Nashlund v. Sabade* (1976), 39 Ill. App. 3d 139, 144.) Having determined that we have jurisdiction to hear the appeal, we further note that defendant has not filed an appellee's brief. However, because the record is simple and the claimed errors are such that we can easily decide them without the aid of an appellee's brief, we will address the merits of the case. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

The State contends that the trial court erred in granting defendant's motion to vacate pursuant to section 2—1401 of the Code on the basis that the motion did not state adequate grounds for relief under that section. We agree.

■ Section 2—1401 of the Code, formerly section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), provides a comprehensive statutory procedure by which final orders, judgments, and decrees may be vacated after 30 days from the entry thereof. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(a); see *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220.) To be entitled to relief under section 2—1401, the party seeking relief must set forth specific factual allegations supporting (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 motion. *Smith v. Airoom*, 114 Ill. 2d at 220-21.

■■ ■ In a criminal proceeding, section 2—1401 provides a modern substitute for a writ of error *coram nobis* permitting vacation of judgments obtained by duress or fraud, or judgments entered because of a party's excusable mistake or ignorance, where, without the party's own negligence, *the party has been deprived of a defense* which, if known to the court, would have prevented judgment. (*People v. Smith* (1988), 176 Ill. App. 3d 132, 136; *In re Charles S.* (1980), 83 Ill. App. 3d 515, 517.) In other words, relief under this section is appropriate where the omission of a *valid defense* was caused by fraud, duress, or excusable mistake. (See *People v. Stewart* (1978), 66 Ill. App. 3d 342, 347.) The various types of error of fact which a section 2—1401 motion is employed to correct include such matters as the death of a party before judgment, infancy where the party is not properly represented,

incompetency at the time of trial, and a valid defense which was not made due to duress, fraud, or excusable mistake. (*People v. Hinton* (1972), 52 Ill. 2d 239, 243.) The motion must establish adequate grounds for relief and must show that the party seeking relief was not negligent in failing to raise that ground at trial. (*People v. Sanchez* (1986), 115 Ill. 2d 238, 284; *People v. Jennings* (1971), 48 Ill. 2d 295, 298; see *Stewart*, 66 Ill. App. 3d at 347.) Motions brought pursuant to section 2—1401 have been held to be an *improper* means of raising issues such as whether a defendant was properly admonished as to the consequences of a plea of guilty. See *Withers v. State* (1961), 23 Ill. 2d 131, 136; *In re Charles S.*, 83 Ill. App. 3d at 517.

In the instant action, defendant sought vacature of his conviction of DUI on the basis that the trial court failed to admonish him of the consequences resulting from that conviction. Specifically, defendant argued that the trial court failed to advise him that a DUI conviction would result in the revocation of his driving privileges by the Secretary of State for one year. The trial court granted defendant's motion to vacate and noted for the record that its ruling was based on its failure to admonish defendant that a conviction of DUI would result in the revocation of his driving privileges. The trial court erred in granting defendant's motion on this basis.

■■ ■ As noted above, a section 2—1401 motion is an improper avenue by which to challenge the sufficiency of admonitions regarding the consequences of a guilty plea. (See *Withers*, 23 Ill. 2d at 136; *In re Charles S.*, 83 Ill. App. 3d at 517.) A trial court's failure to provide the proper admonishments is not in the nature of a *valid defense to the underlying action* omitted due to duress, fraud, or excusable mistake which, if known to the defendant or the court at the time of trial, would have precluded judgment. (See *People v. Berland* (1978), 74 Ill. 2d 286, 313-14; *Smith*, 176 Ill. App. 3d at 136; *People v. Banks* (1984), 121 Ill. App. 3d 279, 287.) Moreover, even if a section 2—1401 motion was a proper means by which to challenge the sufficiency of admonitions regarding a guilty plea, defendant in the instant action would not be entitled to relief. It is well settled that a trial court is not responsible for advising an accused of the civil or collateral consequences of a guilty plea. (*People v. Correa* (1985), 108 Ill. 2d 541, 550; *People v. Jenkins* (1970), 128 Ill. App. 2d 351, 355.) Thus, the court's failure to admonish defendant of the revocation of his driving privileges is of no consequence, and the trial court erred in granting defendant's motion on this basis.

■■ ■ We further note an additional basis for reversing the trial court. To be entitled to relief under section 2—1401, the party seeking

relief must set forth *specific factual allegations* supporting the existence of a meritorious defense. (*Smith v. Airoom,* 114 Ill. 2d at 220; see *People v. Stergar* (1979), 77 Ill. App. 3d 660, 661.) The motion must establish adequate grounds for relief. (*Sanchez,* 115 Ill. 2d at 284; *Jennings,* 48 Ill. 2d at 298.) It is not sufficient for the motion or supporting affidavit to merely assert that a meritorious defense exists without also pleading relevant facts supporting the alleged defense. (*People ex rel. McGraw v. Mogilles* (1985), 136 Ill. App. 3d 67, 73.) If the trial court grants a petition which fails this requirement, a reviewing court will reverse that judgment. 136 Ill. App. 3d at 73.

In the instant action, defendant's motion to vacate merely asserted that "[s]hould this court see fit to vacate these convictions and permit the Defendant to either re-plead or demand trial, the Defendant will be able to present a meritorious defense and extenuating circumstances." The motion does not set forth any particular facts which would support a defense to the DUI charge and no court could judge the merits of a defense on the basis of this allegation alone. See *Aetna Casualty & Surety Co. v. Sanders* (1973), 15 Ill. App. 3d 573, 577-78.

For the above reasons, we reverse the order of the circuit court which vacated defendant's conviction of DUI.

Reversed.

UNVERZAGT, P.J., and NASH, J., concur.