THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WAYNE E. MACKINS, Defendant-Appellant.

Second District No. 2—90—0188

Opinion filed December 17, 1991.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Wayne E. Mackins, appeals from an order of the circuit court of Lake County which dismissed his petition for relief pursuant to section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). Defendant raises two issues on appeal: (1) whether the trial court erred in dismissing the petition without a hearing; and (2) whether, alternatively, the petition should have been considered a petition pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*) which was adequate to require the trial court to appoint counsel for defendant. We affirm.

Defendant was found guilty following a bench trial of the offense of residential burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—3(a)) and was sentenced to a term of 15 years' imprisonment. This court affirmed defendant's conviction on direct appeal. (*People v. Mackins* (2d Dist. Sept. 26, 1990), No. 2—89—0300 (unpublished order under Supreme Court Rule 23).) In his direct appeal, defendant argued that the State failed to prove beyond a reasonable doubt that he had the requi-

site intent to commit residential burglary. In our order, we extensively discussed the evidence presented at trial, including the testimony of three police officers, and concluded that a reasonable inference from the facts presented was that defendant made an unauthorized entry into a residence with the intent to commit a theft therein.

Defendant had testified at trial that he entered the residence by reaching in and unlocking the back door and pushing a refrigerator away from the doorway. He stated that he entered the residence because he wanted to sleep. He thought it was his ex-girlfriend's mother's house, which he had visited on two occasions more than six months prior to the occurrence. The police officers testified that they saw defendant moving about in the house and found the mattress and box spring askew in the bedroom of the house.

On January 17, 1990, defendant, *pro se*, filed a petition for post-judgment relief pursuant to section 2—1401 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). He also filed a motion for the appointment of counsel. In the petition, defendant alleged that the police officers who testified at trial committed perjury. Defendant pointed out, in a rambling manner, that there were inconsistencies between the officers' trial testimony and a police report and between the trial testimony and the testimony of Richard McKissick, the police officer who testified at defendant's preliminary hearing. At the preliminary hearing, McKissick testified that he went to the scene of the burglary sometime after four other officers had responded to a report of a burglary in progress. McKissick essentially related his recollection of what one of the other officers told him about the events after the officers responded to the call. McKissick did not testify at trial.

Defendant also detailed some inconsistencies in the trial testimony of the officers. Defendant observed that there were inconsistencies in the testimony regarding which light was on in the residence when the officers arrived and whether Officer Brown was involved in investigating the premises. In addition, defendant generally alleged that the police officers' testimony was choreographed and "coached and led on by the State." Defendant had earlier filed two affidavits in which he stated that McKissick and the three officers who testified at trial committed perjury and subornation of perjury.

A hearing was held regarding defendant's petition on January 30, 1990. An assistant public defender was present at the hearing but stated that no counsel had been appointed for defendant. The trial judge stated that he found that the petition was frivolous and patently without merit. An order was entered which dismissed the petition. This timely appeal followed.

On appeal, defendant first argues that the trial court considered defendant's petition to be a post-conviction petition which could be dismissed without a hearing. (See Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(a).) Defendant contends that a section 2—1401 petition, however, is the proper procedure for obtaining relief from a judgment based on perjured testimony and could not be dismissed without a hearing.

■ In order to be entitled to post-judgment relief under section 2—1401, a petitioner "must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief." (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220-21; see also *People v. Smith* (1989), 188 Ill. App. 3d 387, 391.) The petition must establish adequate grounds for relief and must show that the party seeking the relief was not negligent in failing to raise that ground at trial. *People v. Sanchez* (1986), 115 Ill. 2d 238, 284; *Smith*, 188 Ill. App. 3d at 392.

The petition filed by defendant failed to meet these standards. The allegations made were not sufficient to establish that perjury was committed at trial. Also, defendant did not allege anything in the petition that was not known at the time of trial. We conclude that the petition was therefore properly dismissed.

■ Defendant is correct that section 2—1401 " 'provides a basis for obtaining relief from a judgment based upon perjured testimony.' " (*People v. Steidl* (1991), 142 Ill. 2d 204, 253, quoting *People v. Jennings* (1971), 48 Ill. 2d 295, 298.) However, the cases relied upon by defendant, *People v. Berland* (1978), 74 Ill. 2d 286, 316, *People v. Jennings* (1971), 48 Ill. 2d 295, 298, and *People v. Lewis* (1961), 22 Ill. 2d 68, 70, do not support defendant's position that such a petition cannot be dismissed without an evidentiary hearing. In fact, in all three cases cited, the court held that the petition or petitions at issue were properly dismissed. *Berland*, 74 Ill. 2d at 316-17; *Jennings*, 48 Ill. 2d at 300; *Lewis*, 22 Ill. 2d at 71-72.

In *Berland*, the court held that the defendant's petition was properly dismissed where the petition did not support a charge of perjury and therefore offered no basis for an evidentiary hearing. The court noted that discrepancies in the description of the defendant and variations in what different witnesses reported they saw do not indicate perjury. *Berland*, 74 Ill. 2d at 316-17.

The same is obviously true here. We note that the inconsistencies pointed out by defendant relate only to minor details. "Mere inconsis-

tencies in testimony do not establish perjury" (*People v. Amos* (1990), 204 Ill. App. 3d 75, 85) and go only to the weight and credibility of the evidence (*People v. Tyner* (1968), 40 Ill. 2d 1, 3; *People v. Moore* (1990), 199 Ill. App. 3d 747, 766; *People v. Foster* (1989), 190 Ill. App. 3d 1018, 1030). We also note that the discrepancies are insignificant considering that defendant admitted that he entered and was in the house. Absent inconsistent circumstances, an inference of an intent to commit theft which will sustain a conviction of burglary arises when there is evidence of unlawful breaking and entry into a building where a theft could occur. *People v. Johnson* (1963), 28 Ill. 2d 441, 443; *People v. Coleman* (1990), 203 Ill. App. 3d 83, 89; *In re P.A.G.* (1990), 193 Ill. App. 3d 601, 603.

Further, McKissick, who testified at the preliminary hearing, was testifying regarding his recollection of a report which another officer gave to him. The fact that this testimony was not exactly the same as that presented at trial is not surprising and does not show that perjury was committed.

■ Defendant next argues, in the alternative, that his petition should have been considered a petition pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*) as it "unequivocally raised the inference that his original trial attorney was ineffective." He contends that this is true because his trial counsel "failed to impeach the police officers." He argues that the petition, although inartfully drawn, was sufficient to require the appointment of counsel and a hearing. Again, we disagree.

The petition clearly stated that it was brought pursuant to section 2—1401 of the Code and nowhere alleged ineffective assistance of counsel. Defendant has cited no authority for his argument that the petition should be considered an ineffective assistance of counsel claim. It is obvious that a court is not required to "infer" allegations that are not made. We also note that the allegations in the petition totally fail to establish any ineffective assistance of counsel. Furthermore, even if the petition was considered a petition for post-conviction relief, we conclude that it was properly dismissed.

A post-conviction petitioner is entitled to have counsel represent him regarding the petition once he sets out allegations demonstrating a meritorious constitutional claim. (See *People v. Porter* (1988), 122 Ill. 2d 64, 74.) Counsel need not be appointed and a hearing need not be held if the claim is frivolous and patently without merit. See Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(a)(2).

A post-conviction petition, in unusual circumstances, may be used to remedy a claim of perjury. (*People v. Del Vecchio* (1989), 129 Ill. 2d

265, 280.) The court in *Del Vecchio* determined that a claim of perjury does not "rise to a constitutional violation" requiring an evidentiary hearing where it is based solely on inconsistencies or improbabilities in the testimony. (*Del Vecchio*, 129 Ill. 2d at 280-81; see also *People v. Doherty* (1966), 36 Ill. 2d 286, 289.) As we discussed previously, "such matters concern the weight and credibility of the evidence and go to the issue of guilt or innocence." *Del Vecchio*, 129 Ill. 2d at 280; see also *People v. Tyner* (1968), 40 Ill. 2d 1, 3.

In this cause, defendant alleged only minor inconsistencies in the police officers' testimony. The petition, if considered a post-conviction petition, was frivolous and patently without merit and was properly dismissed.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

UNVERZAGT and INGLIS, JJ., concur.