Docket No. 105212.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JEROME JACKSON, Appellant.

*Opinion filed October 17, 2008.*

CHIEF JUSTICE FITZGERALD delivered the judgment of the court, with opinion.

Justices Freeman, Thomas, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

In two cases, defendant Jerome Jackson pleaded guilty to several counts of aggravated battery. In each case during its admonishments to the defendant, the trial court mentioned the possible sentences, as well as the statutory requirement of mandatory supervised release (MSR), but neither the written plea agreements nor the sentencing orders referred to MSR. The defendant filed a postconviction petition, alleging that he was deprived of due process because he was never advised of MSR. The circuit court of Livingston County summarily dismissed the petition as frivolous, and the appellate court affirmed. No. 4–06–0706 (unpublished order under Supreme Court Rule 23). For the reasons that follow, we dismiss the defendant's appeal as moot.

## BACKGROUND

In 1997, the defendant was convicted of, *inter alia*, robbery and was sentenced to four years' imprisonment. In 2000, while he was an inmate at Pontiac Correctional Center, the defendant was convicted of aggravated battery and criminal damage to state property and was sentenced to four years' imprisonment, consecutive to his sentence for robbery.

In February 2002, the defendant was charged with three counts of aggravated battery after he attacked three corrections officers. The parties presented to the trial court a written plea agreement, under which the defendant would receive a sentence of three years' imprisonment on each count. These sentences would run concurrently, but consecutively to his existing sentence. The court advised the defendant, "In all three cases, you are charged with the offense of aggravated battery. That is a Class 3 felony. And the law provides that you could get anywhere from two to ten years in prison for those offenses, plus two years [MSR]." The trial court reviewed the charges with the defendant, and the State summarized the evidence against him. The court found the defendant's guilty pleas were voluntary and supported by a factual basis. Accordingly, the court accepted his pleas, entered judgment on them, and sentenced the defendant pursuant to the agreement. Neither the written plea agreement nor the sentencing order mentioned MSR.

In August 2002, the defendant was charged with one count of aggravated battery after he attacked another corrections officer. The parties again presented to the trial court a written plea agreement, under which the defendant would receive a sentence of three years' imprisonment. That sentence would run concurrently to the sentences for his earlier aggravated battery convictions, but consecutively to his existing sentence. In the course of its general admonishments, the court advised the defendant, "If this were handled by other than a plea agreement, the law provides you could get anywhere from 2 to 10 years in prison plus 2 year[s'] [MSR]." The trial court found that the defendant's guilty plea was voluntary and supported by a factual basis. The court accepted his plea and sentenced him pursuant to the agreement. Neither the written plea agreement nor the sentencing order mentioned MSR.

The defendant filed a postconviction petition, alleging that he was deprived of due process because he was never admonished about the mandatory MSR term appended to his negotiated sentences. Consequently, the defendant contended, he received more severe sentences than those to which he had agreed when he pleaded guilty. The trial court summarily dismissed the petition, concluding that the trial court had sufficiently admonished him regarding MSR.

The appellate court affirmed. The appellate court, relying upon its earlier decision in *People v. Borst*, 372 Ill. App. 3d 331 (2007), held that the trial court's general admonitions sufficiently apprized the defendant of MSR. No. 4–06–0706 (unpublished order under Supreme Court Rule 23). This court allowed the defendant's petition for leave to appeal. 210 Ill. 2d R. 315(a).

ANALYSIS

The defendant argues the trial court violated due process in failing to inform him that MSR terms would be added to his sentences for aggravated battery. According to the defendant, the court admonished him in two separate hearings that if his aggravated battery charges were resolved "by other than a plea agreement,"[1] he would face a possible two years of MSR. The defendant insists that nothing in these admonishments suggests that MSR terms would be added to the defendant's negotiated sentences. He asserts that this case is controlled by *People v. Whitfield*, 217 Ill. 2d 177, 195 (2005), where we stated that "due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a mandatory supervised release term will be added to that sentence."

Here, the defendant was convicted of robbery in 1997 and sentenced to four years' imprisonment; he was later convicted of aggravated battery and criminal damage to state property in 2000 and sentenced to another four years' imprisonment. While serving these

---

[1]The language "by other than a plea agreement" comes from the trial court's admonishments in the August 2002 plea hearing. In the February 2002 plea hearing, the trial court did not use this language, and did not couch its admonishment in what the defendant terms "a hypothetical."

sentences, he was convicted of the four counts of aggravated battery involved here in 2002 and sentenced to three years' imprisonment. The defendant is no longer in prison. He was paroled, and began his MSR term on May 15, 2007.

When a defendant receives consecutive sentences for multiple felonies, these sentences are treated as a single term, and the defendant serves the MSR term corresponding to the most serious offense. See 730 ILCS 5/5–8–4(e)(2) (West 2004). Robbery, a Class 2 felony, is a more serious offense than aggravated battery, a Class 3 felony. Thus, the MSR term that the defendant is serving corresponds to his robbery conviction, and the MSR term that he is challenging corresponds to his aggravated battery convictions. In short, the defendant attacks an MSR term that never will be served. Because this court cannot grant effective relief, this appeal is moot. See *Felzak v. Hruby*, 226 Ill. 2d 382, 392 (2007); see also *In re J.T.*, 221 Ill. 2d 338, 349-50 (2006) ("It is a basic tenet of justiciability that reviewing courts will not decide moot or abstract questions"); *In re Adoption of Walgreen*, 186 Ill. 2d 362, 365 (1999) ("The existence of a real controversy is a prerequisite to the exercise of our jurisdiction").

The defendant argues that we should still reach the merits of his appeal. A reviewing court may examine an otherwise moot issue when "the magnitude or immediacy of the interests involved warrant[s] action by the court." See *People ex rel. Black v. Dukes*, 96 Ill. 2d 273, 277 (1983). The so-called public interest exception to the mootness doctrine requires (1) the existence of a question of public importance; (2) the desirability of an authoritative determination for the purpose of guiding public officers in the performance of their duties; and (3) the likelihood that the question will recur. *In re Andrea F.*, 208 Ill. 2d 148, 156 (2003). This exception is construed narrowly and requires a clear showing of each element before it may be applied. *People v. Roberson*, 212 Ill. 2d 430, 436 (2004).

Whether trial courts should properly admonish defendants who plead guilty regarding MSR is certainly a question of public importance, but it is one we answered authoritatively in *Whitfield*. We need not echo that holding in this case, or even apply it here. The defendant is serving an MSR term that he does not challenge, and he is challenging an MSR term that he will not serve. The defendant's situation is unlikely to recur, and he has no injury that can be

redressed by this court. This appeal is moot. Further, because the defendant was paroled before the appellate court decided his case, that appeal was also moot, and the appellate court's judgment must be vacated.

## CONCLUSION

For the reasons that we have stated, the judgment of the appellate court is vacated and the defendant's appeal is dismissed as moot.

*Appellate court judgment vacated;*
*appeal dismissed.*