912 N.E.2d 325 (2009)
The PEOPLE of the State of Illinois, Plaintiff-Appellee.
v.
Orencio SERRANO, Defendant-Appellant.
No. 1-07-2486.
Appellate Court of Illinois, First District, Second Division.
July 14, 2009.
*326 Michael J. Pelletier, State Appellate Defender, Patricia Unsinn, Deputy Defender & Patrick F. Cassidy, Assistant Appellate Defender, of counsel, Chicago, IL, for Appellate.
Richard A. Devine, State's Attorney, County of Cook, James E. Fitzgerald, Amy Watroba Kern & Grace A. Zaya, Assistant State's Attorneys, of counsel, Chicago, IL, for Appellee.
Justice HOFFMAN delivered the opinion of the court:
The defendant, Orencio Serrano, appeals from the dismissal of his pro se petition for post-judgment relief filed pursuant to section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2006)). On appeal, he contends that he did not receive the benefit of his negotiated plea bargain as a result of the trial court's failure to specifically admonish him that his concurrent 14-year sentences for attempted first degree murder included a three-year period of mandatory supervised release (MSR). Consequently, the defendant requests that those sentences be reduced by three years.
On March 31, 2009, this court entered an order pursuant to Supreme Court Rule 23 (166 Ill.2d R. 23) in which we held that the defendant was entitled to post-judgment relief and reduced his sentences as he requested. The State thereafter filed a petition for rehearing pursuant to Supreme Court Rule 367 (210 Ill.2d R. 367). We granted the petition and ordered additional briefing. After reconsidering the matter in light of the arguments on rehearing, we reach the same conclusion and again reduce the defendant's sentences for attempted first degree murder by three years.
The record established the following relevant facts. In separate prosecutions, the defendant was charged with two counts of attempted first degree murder (No. 01 CR 24803) and one count of possession of a controlled substance with intent to deliver *327 (No. 01 CR 19046). On June 4, 2002, the defendant entered negotiated guilty pleas on all three charges. At the plea hearing, the trial court admonished the defendant as to the possible penalties that could be imposed upon him. With regard to the charges of attempted first degree murder, the court stated as follows:
"You understand that this is a Class X felony and it is subject to a possible penalty of incarceration in the penitentiary for a determina[te] period of time between 6 and 30 years, a fine up to $25,000 or both, and it's also subject to what's called mandatory supervised release for a period after your release from the penitentiary."
The court did not specify the exact number of years (three) that the defendant would have to serve on MSR for the attempted first degree murder convictions.
With regard to the charge of possession of a controlled substance with intent to deliver, the court stated as follows:
"the [controlled substance] charge as amended [is] a Class IV felony * * * subject to a possible penalty of incarceration for a period from one to three years, a fine of up to $25,000 or both, and mandatory supervised released [sic] for a period of one year."
The court also informed the defendant that any sentences imposed in the two cases would have to be served consecutively because he had committed the attempted first degree murder offenses while on pretrial release for the controlled substance charge (730 ILCS 5/5-8-4 (h) (West 2002)).
The trial court further advised the defendant of the constitutional rights he would waive by pleading guilty, and the State presented a factual basis for the pleas. The trial court then accepted the defendant's pleas, ratified the plea agreement, and, in accordance with its terms, sentenced the defendant to two concurrent terms of 14 years' imprisonment for attempted first degree murder and a consecutive term of one year imprisonment for possession of a controlled substance with intent to deliver. The court then admonished the defendant of his right to appeal and of the necessary procedure for bringing an appeal. The defendant did not attempt to perfect an appeal from these convictions, but filed an untimely pro se motion to withdraw his guilty pleas on the attempted first degree murder charges and to vacate the sentences imposed thereon. There is no indication in the record that this motion was ever ruled on by the court.
On November 2, 2006, the defendant, relying on People v. Whitfield, 217 Ill.2d 177, 298 Ill.Dec. 545, 840 N.E.2d 658 (2005), filed a pro se petition pursuant to section 2-1401 of the Code, asserting that he had been denied the benefit of his plea bargain, based on the imperfect MSR admonishment. The record reflects that an Assistant State's Attorney (ASA) was present on several dates when the defendant's petition was continued and also at the time the petition was heard by the court. However, the State did not file a timely answer or motion to dismiss and did not request an extension of time to file a responsive pleading.
At one of the early court dates, the defendant appeared pro se, argued that the court had not informed him of the three-year term of MSR prior to accepting his guilty pleas, and said that he would not have pled guilty had he been aware of the mandatory MSR. He asked the court to reduce his sentences by three years. The court acknowledged that "according to the transcript you're right; I didn't tell you [about MSR]. I can't prove that I told you because the transcript says that I didn't." The court then took the matter under advisement and deferred ruling on the petition. *328 Subsequently, after reviewing the transcript of the plea proceedings, the court dismissed the petition based on its finding that "[the defendant] was adequately advised regarding his [MSR]." This appeal followed.
On appeal, the defendant contends that the trial court erred in dismissing his section 2-1401 petition where the record showed that he was not admonished that he would have to serve three years of MSR in addition to his negotiated 14-year prison term for attempted first degree murder. The State responds that the court's admonishment concerning an unspecified term of MSR was sufficient.
The substance of the defendant's claim is based on our supreme court's decision in People v. Whitfield, 217 Ill.2d 177, 298 Ill.Dec. 545, 840 N.E.2d 658 (2005), which held that a violation of due process occurs when a defendant pleads guilty in exchange for a specific sentence, but receives "a different, more onerous sentence." Whitfield, 217 Ill.2d at 189, 298 Ill.Dec. 545, 840 N.E.2d 658. The court observed that, under Supreme Court Rule 402(a)(2) (177 Ill.2d R. 402(a)(2)), the defendant must be informed that a term of MSR will follow his or her sentence. Whitfield, 217 Ill.2d at 188, 298 Ill.Dec. 545, 840 N.E.2d 658, citing People v. Wills, 61 Ill.2d 105, 109, 330 N.E.2d 505 (1975). The court held that, in the absence of a proper admonition, adding MSR to the defendant's sentence "amounts to a unilateral modification and breach of the plea agreement by the State, inconsistent with constitutional concerns of fundamental fairness." Whitfield, 217 Ill.2d at 190, 298 Ill.Dec. 545, 840 N.E.2d 658. The court concluded that, because the MSR term is statutorily mandated, the appropriate remedy in such a circumstance is to reduce the defendant's prison term by a period equal to the length of the MSR term. Whitfield, 217 Ill.2d at 203-05, 298 Ill.Dec. 545, 840 N.E.2d 658.
In this case, the transcript of the plea proceeding demonstrates that the trial court informed the defendant that he would be required to serve a period of MSR following his sentence for attempted first degree murder, but the court did not specify the length of the MSR term. Although this case is distinguishable from Whitfield, where the court completely failed to mention MSR, we cannot accept the State's argument that the incomplete admonishment was sufficient to satisfy due process. To successfully serve MSR, the defendant is required to comply with an extensive number of conditions, the violation of which may result in re-incarceration. See 730 ILCS 5/3-3-7; 730 ILCS 5/3-3-9(a)(3) (West 2006). We believe that informing the defendant that he will have to serve MSR without specifying the length of the term does not fulfill the court's duty under Supreme Court Rule 402(a)(2) (177 Ill.2d R. 402(a)(2)) to admonish him concerning the sentence to be imposed. We conclude, therefore, that the defendant stated a meritorious claim for relief under Whitfield. In reaching this conclusion, we disagree with the reasoning expressed in People v. Johnson, 331 Ill. Dec. 268, 910 N.E.2d 677 (2009), where, in dicta, another panel of this court indicated that merely advising the defendant that a period of MSR would follow his prison sentence, without specifying the length of the MSR term, constitutes substantial compliance with the requirements of Rule 402(a)(2) and is adequate to establish due process.
The State also contends that the defendant's sentence should not be modified because he did not receive a penalty that was more onerous than the one he had agreed to at the time of the plea hearing. In support of this contention, the State relies *329 on the fact that the trial court originally indicated that the defendant would receive a prison term of 17 years, which would have resulted in a total sentence of 20 years after the defendant served the mandatory three-year period of MSR. The State claims that, because the sentence actually imposed on the defendant was shorter than the 20-year sentence he was promised, he was not denied due process. As the defendant points out, however, the record reflects that the discussion pertaining to the imposition of a 17-year sentence took place prior to the finalization of the plea agreement, and he never agreed to serve a 17-year sentence followed by a three-year MSR term. Accordingly, we reject the State's claim as unsupported by the record.
In its petition for rehearing, the State contends that, even under the best case scenario, the defendant would be entitled to a sentence reduction of only two years because he was properly advised of the one-year period of MSR that would follow his sentence for possession of a controlled substance with intent to deliver. The defendant has argued that the State's failure to specifically include this contention in its brief and the failure to cite supporting authority results in forfeiture. We decline to find forfeiture where the State's brief argued that the defendant was fully aware that a period of MSR would follow his prison sentence and where the record clearly reflects that the trial court delivered the MSR admonishments pertaining to both crimes at the same plea proceeding. See People v. Galan, 229 Ill.2d 484, 499, 323 Ill.Dec. 325, 893 N.E.2d 597 (2008) (declining to apply the forfeiture rule where State's argument was previously raised but not as extensively made or fully developed); see also People v. Robinson, 368 Ill.App.3d 963, 977, 307 Ill.Dec. 232, 859 N.E.2d 232 (2006) (noting that the reviewing court has a duty to "consider the trial record as a whole").
Turning to the substance of the State's claim, we find that it is without merit. We agree with the defendant that the controlled substance conviction was entirely separate from and unrelated to his convictions for attempted first degree murder. An admonishment as to the consequences of pleading guilty to one crime cannot suffice as an admonishment regarding the consequences of a plea to another crime, which carries with it an entirely different statutory period of MSR. Also, it is established that "[w]hen a defendant receives consecutive sentences for multiple felonies, these sentences are treated as a single term, and the defendant serves the MSR term corresponding to the most serious offense." People v. Jackson, 231 Ill.2d 223, 227, 325 Ill.Dec. 213, 897 N.E.2d 752 (2008), citing 730 ILCS 5/5-8-4(e)(2) (West 2004). Thus, the trial court's admonishment relating to the controlled substance conviction merely informed the defendant of a period of MSR that he would never be required to serve. Such an admonishment cannot cure the trial court's failure to sufficiently advise the defendant of the MSR term that attached to his convictions for attempted first degree murder.
We also reject the State's alternative argument that the defendant could not properly raise his Whitfield claim in a section 2-1401 petition. Section 2-1401 provides "a comprehensive, statutory procedure that allows for the vacatur of a final judgment older than 30 days." People v. Vincent, 226 Ill.2d 1, 7, 312 Ill.Dec. 617, 871 N.E.2d 17 (2007). Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition. Vincent, *330 226 Ill.2d at 7-8, 312 Ill.Dec. 617, 871 N.E.2d 17. Relief under section 2-1401 is available in criminal as well as civil cases and the petition may be dismissed sua sponte if legally or factually insufficient. Vincent, 226 Ill.2d at 8, 312 Ill.Dec. 617, 871 N.E.2d 17.
The State cites Withers v. People, 23 Ill.2d 131, 177 N.E.2d 203 (1961) and People v. Smith, 188 Ill.App.3d 387, 135 Ill. Dec. 917, 544 N.E.2d 413 (1989), in support of its argument that a Whitfield claim is not cognizable in a section 2-1401 proceeding. In Withers, the defendant filed a petition under section 72 of the Civil Practice Act (Ill.Rev.Stat.1959, chap.110, par. 72) (now codified as section 2-1401), alleging that he was mentally incompetent to enter guilty pleas or understand the consequences of those pleas. The supreme court held that his petition did not state a proper claim for relief because "[t]he question of whether [the defendant] was properly admonished of the consequences of his pleas of guilty is properly one for review on writ of error and not by a petition under section 72." Withers, 23 Ill.2d at 136, 177 N.E.2d 203.
In Smith, the State appealed from an order of the circuit court granting the defendant's section 2-1401 petition to vacate a guilty plea because the court did not properly admonish the defendant that his driving privileges would be revoked as a result of the DUI conviction. The appellate court reversed, stating that section 2-1401 was an improper avenue for challenging the sufficiency of guilty plea admonishments because such a claim did not involve a valid defense to the underlying action "which, if known to the defendant or the court at the time of trial, would have precluded judgment." Smith, 188 Ill.App.3d at 392, 135 Ill.Dec. 917, 544 N.E.2d 413. The court further stated that, even if section 2-1401 was a proper vehicle for such a challenge, the defendant failed to sufficiently plead a meritorious defense to the DUI charge. Smith, 188 Ill.App.3d at 393, 135 Ill.Dec. 917, 544 N.E.2d 413. Both Withers and Smith appear to support the State's position that section 2-1401 is intended to correct "errors of fact, not law." See also In re Charles S., 83 Ill.App.3d 515, 517, 39 Ill.Dec. 51, 404 N.E.2d 435 (1980).
However, in People v. Lawton, 212 Ill.2d 285, 297, 288 Ill.Dec. 638, 818 N.E.2d 326 (2004), our supreme court recently stated that "[a]lthough section 2-1401 is ordinarily used to correct errors of fact, nothing in the language of section 2-1401 limits its applicability to such matters." The court then reviewed case law allowing the statute to be used to "challenge judgments claimed to be defective for legal reasons" and concluded that section 2-1401 should be liberally construed to achieve justice. Lawton, 212 Ill.2d at 297-99, 288 Ill.Dec. 638, 818 N.E.2d 326.
In line with this reasoning, two recent appellate court cases have indicated that section 2-1401 is a proper vehicle for raising a Whitfield claim. In People v. Berrios, 387 Ill.App.3d 1061, 1065, 327 Ill.Dec. 386, 902 N.E.2d 141 (2009), the court held that the defendant's Whitfield claim was cognizable under section 2-1401, but concluded that the claim had no merit. In People v. Santana, 388 Ill.App.3d 961, 965-67, 328 Ill.Dec. 370, 904 N.E.2d 132 (2009), the court analyzed the defendant's Whitfield claim under section 2-1401 and determined that the claim was both time-barred and without merit.
Applying this more recent case law, we believe the defendant could properly raise his Whitfield claim in a section 2-1401 petition. Unlike the claims considered in Berrios and Santana, the Whitfield claim raised in this case has merit, as explained above. Also, unlike Santana, the State in this case did not file a motion to dismiss the petition as untimely. The time limit *331 contained in section 2-1401 is a statute of limitation rather than a jurisdictional prerequisite. People v. Harvey, 196 Ill.2d 444, 447, 257 Ill.Dec. 98, 753 N.E.2d 293 (2001). Thus, the State must assert the time limitation as an affirmative defense to avoid waiving it. People v. Pinkonsly, 207 Ill.2d 555, 562, 280 Ill.Dec. 311, 802 N.E.2d 236 (2003).
The State contends in its petition for rehearing that it had no opportunity to raise the two-year time limitation as a defense because the trial court dismissed the petition sua sponte. This assertion is not supported by the record. The defendant's petition was pending for approximately eight months prior to the court's dismissal order. Although an ASA was present at the proceedings during which the petition was before the court, the State did not timely file any responsive pleading or request an extension of time to respond. Under these circumstances, the State has forfeited its right to assert the time limitation contained in section 2-1401 as a defense to the defendant's petition.
In sum, we find that the defendant was not properly admonished of the three-year MSR term, that he properly raised the issue in a section 2-1401 petition, and that the State has waived any objection to untimeliness. We therefore reverse the judgment of the circuit court and remand with directions that the court modify the defendant's sentences for attempted first degree murder to concurrent terms of 11 years' imprisonment, to be followed by the three-year MSR term.
Reversed; cause remanded with directions.
SOUTH and CUNNINGHAM, J.J., concur.