# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *People v. Hill*, 2011 IL 110928

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOHNNIE HILL, Appellant. |
| Docket No. | 110928 |
| Filed | October 27, 2011 |
| Rehearing denied | January 23, 2012 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An appeal complaining of the State's tardiness in filing its Rule 416(c) notice of intent to seek the death penalty was dismissed as moot where this did not influence the 60-year murder term which was imposed and where the death penalty had been abolished. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Nicholas Ford, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on Appeal

Michael J. Pelletier, State Appellate Defender, and Alan D. Goldberg, Deputy Defender, of the Office of the State Appellate Defender, and Steven W. Becker, of Becker Stephenson LLC, all of Chicago, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins and Sally L. Dilgart, Assistant State's Attorneys, of counsel), for the People.

*PER CURIAM*

## OPINION

¶ 1        After brief oral arguments, this court conferred and decided unanimously that defendant Johnnie Hill's appeal is moot, with an order to follow. This is that order.

¶ 2        On November 17, 2001, Tamara Miller died of head injuries after she was beaten, stripped naked, and pushed out the bedroom window of her ninth-story apartment. Hill, the father of Miller's four-year-old daughter and the subject of a protective order obtained by Miller, was charged with first degree murder (720 ILCS 5/9-1(a)(1) (West 2000)), home invasion (720 ILCS 5/12-11(a)(2) (West 2000)), residential burglary (720 ILCS 5/19-3(a) (West 2000)), and robbery (720 ILCS 5/18-1(a) (West 2000)).

¶ 3        The defendant was arraigned on December 31, 2001. On September 4, 2002, 247 days later, the State filed a notice of intent to seek the death penalty. On July 24, 2006, the defendant filed a motion to strike the State's notice as untimely under Supreme Court Rule 416(c), which requires such a notice to be filed within 120 days after arraignment. Ill. S. Ct. R. 416(c) (eff. Mar. 1, 2001). The trial court denied the defendant's motion.

¶ 4        At the guilt phase, a jury found the defendant guilty of first degree murder and home invasion. The defendant waived his right to a jury for the eligibility and sentencing phases of his trial. The trial court then found the defendant eligible for the death penalty because he had committed murder in violation of a protective order. Following a sentencing hearing, the trial court sentenced the defendant to 60 years' imprisonment. The trial judge stated that he considered all the evidence in aggravation and mitigation, and mentioned some of the evidence that affected his sentencing decision. There is nothing in the record to indicate this decision was influenced by the fact that the defendant was death-eligible. The defendant appealed.

¶ 5        The appellate court affirmed the defendant's convictions and sentence. The defendant appealed again, and this court granted his petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Feb. 26, 2010).

¶ 6        The existence of an actual controversy is an essential requisite to our jurisdiction. *In re*

*Andrea F.*, 208 Ill. 2d 148, 156 (2003). We cannot decide any case in which our judgment would be wholly advisory and ineffectual for want of a concrete dispute. *People ex rel. Black v. Dukes*, 96 Ill. 2d 273, 276 (1983). That is, we will not consider abstract, hypothetical, or moot questions. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 523 (2001). The mootness doctrine provides that we must dismiss an appeal when the issues involved have ceased to exist because intervening events have made it impossible for us to grant effectual relief. *In re A Minor*, 127 Ill. 2d 247, 255 (1989).

¶ 7 Here, the defendant asks this court to vacate his sentence and remand for a new sentencing hearing because the trial court erred in denying his motion to strike the State's notice of intent. According to the defendant, Rule 416(c), like all of our court rules, is enforceable as written, and the trial court sanctioned its violation by allowing the State to file its notice past the 120-day deadline. As the State correctly notes, however, the defendant is challenging an alleged misinterpretation of a capital case rule when he did not receive a capital sentence. There is no evidence to suggest that the trial court's decision to impose a term of years was influenced in any way by the defendant's eligibility for the death penalty, and his argument to the contrary is speculative. The trial court's decision was an intervening event that made it impossible to grant the defendant relief from the State's purported violation of Rule 416(c). This appeal is moot.

¶ 8 Further, the so-called public interest exception to the mootness doctrine does not apply. Under that exception, we may review an otherwise moot issue when it is a question of public importance, it is a question that is likely to recur, and it is a question upon which an authoritative determination from this court is needed. See *People v. Jackson*, 231 Ill. 2d 223, 227 (2008). Here, though the interpretation of one of our court rules normally may present a question of public importance, Rule 416(c) is a capital case rule, and the General Assembly abolished the death penalty earlier this year. Pub. Act 96-1543 (eff. July 1, 2011) (adding 725 ILCS 5/119-1). Accordingly, it is a question that is not likely to recur, and our determination of what this now-superseded rule requires is not necessary.

¶ 9 Appeal dismissed.