2025 IL App (1st) 251709

Fourth Division
Filed December 31, 2025

No. 1-25-1709B

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) | |
| v. | ) ) | No. 25 CR 0282201 |
| RASHAUN BROOKS, | ) ) | The Honorable Sophia Atcherson, |
| Defendant-Appellant. | ) ) | Judge, presiding. |

JUSTICE OCASIO delivered the judgment of the court, with opinion.
Presiding Justice Navarro and Justice Lyle concurred in the judgment and opinion.

**OPINION**

¶ 1        The defendant, Rashaun Brooks, was on pretrial release when he was arrested and charged with an unrelated offense, so the trial court revoked his release. But the new case was dismissed, which vitiated the statutory basis for his continued pretrial detention. Nevertheless, the court found it had an inherent authority to order Brooks to remain in pretrial detention. Brooks is appealing that order, and the parties agree that the court did not have inherent authority to detain him. After he filed his notice of appeal, however, the court determined that he was not fit to stand trial and entered an order that he be placed in the custody of the Department of Human Services (DHS) for mental health treatment at a secure facility. The State argues that this custodial treatment order either moots this appeal or makes the issue of pretrial release not yet ripe for review. Because the

orders denying Brooks pretrial release remain in effect and, if left in place, would lead to his unauthorized pretrial detention once he is restored to fitness, we reach the merits and vacate.

¶ 2                                I. BACKGROUND[1]

¶ 3       In the case before us, Brooks was charged with one count of criminal damage to property. After his arrest, the court initially ordered his release on electronic monitoring, but it struck that condition of release when it determined that Brooks did not have an adequate residence.

¶ 4       While this case has been pending, Brooks has been charged with new, unrelated offenses on three separate occasions: the first time, he was charged with retail theft and criminal damage to property; the second, retail theft; and the third, aggravated assault. Each time, the court revoked his pretrial release. See 725 ILCS 5/110-6(a) (West 2024) (authorizing revocation only where the defendant has been "charged with a felony or Class A misdemeanor" while on pretrial release). On all three occasions, however, the new charges were dismissed on the State's motion. The first two times, upon the new charges being dropped, Brooks was returned to pretrial release.

¶ 5       The record shows that, throughout this revoke-then-release cycle, Brooks's conduct has been erratic. At least three times, he has not appeared for court despite being in custody. Once, it was for unspecified "mental health reasons." The other two times, he simply refused to attend his hearing, requiring the court to specifically order the sheriff's office to bring him to the courtroom by whatever reasonable means they could. At the hearing on the State's second petition to revoke, he repeatedly interrupted proceedings with outbursts that used colorful language, prompting the court to observe that it was only due to Brooks's "current mental state" that it was not going to

---

[1] Some of this section is based on matters not shown in the record on appeal but ascertainable from the circuit court clerk's online records of this case. We take judicial notice of those records. See *People v. Green*, 2024 IL App (1st) 231167, ¶ 3 n.1.

institute contempt proceedings. At that same hearing, at the request of defense counsel, the court ordered an evaluation of his fitness to stand trial and his sanity.

¶ 6    That evaluation was still pending when the court revoked pretrial release for a third time after Brooks was charged with aggravated assault. Once again, the new charge was dismissed, but this time, the court denied Brooks's request to reinstate pretrial release. Observing that Brooks continued to pick up new arrests and repeatedly refused to come to court even while in jail, the court explained that it was concerned that Brooks either would or could not comply with release conditions that would ensure his appearance in court and stop him from acquiring new criminal charges. It ordered that Brooks remain in detention "until such time that the behavioral clinical examination has been completed" and "this Court can be assured that he is in a condition where he can comply with any conditions this Court might set."

¶ 7    Brooks filed a motion for relief, arguing that the dismissal of the new charge meant the court lacked statutory authority to deny pretrial release. The court denied the motion, citing its "[inherent] authority to ensure that court orders are followed and to ensure that there not be continuance of picking up cases and in violation of pretrial release conditions repeatedly." Brooks then filed a notice of appeal.

¶ 8    This appeal was still pending when the court-ordered fitness evaluation was completed, after which the evaluator opined that Brooks was unfit. After a hearing, the court found that Brooks was not fit to stand trial but that he was able to be restored to fitness within one year. It therefore ordered a custodial treatment order directing that he be admitted to a secure DHS facility for inpatient treatment. As of November 25, 2025, Brooks remains in the county jail pending placement at DHS's secure facility in Chester.

¶ 9                                    II. ANALYSIS

¶ 10          On appeal, the parties agree that the trial court erred when it ordered Brooks to remain in pretrial detention based on its "inherent authority" and contrary to the statute that governs revocation of pretrial release.[2] See *Stewart v. Rosenblum*, 2025 IL 131365, ¶¶ 24-45. The only dispute is whether this appeal presents a justiciable matter. The State argues that the trial court's continued denial of pretrial release after the third revocation (1) was rendered moot when the circuit court ordered his detention for the purpose of restoring him to fitness and (2) will not become ripe until he is restored to fitness. See *In re Tekela*, 202 Ill. 2d 282, 294 (2002) (noting that appellate review is "subject to the related doctrines of standing, ripeness, and *** mootness").

¶ 11          We first consider the State's argument that the revocation of Brooks's pretrial release is now moot. It is axiomatic that an actual controversy must exist for us to have jurisdiction. *People v. Hill*, 2011 IL 110928, ¶ 6 (*per curiam*). We cannot rule on a case where our decision would be merely advisory and ineffective due to the absence of an actual controversy. *Id.* Hence, "[a]s a general rule, courts in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009). An appeal is rendered moot when "the issues involved in the circuit court no longer exist because events occurring after the filing of the appeal render it impossible for the reviewing court to grant the complaining party effectual relief." *In re A.F.*, 234 Ill. App. 3d 1010, 1013 (1991). When intervening events eliminate the underlying issues and make it impossible for the court to provide any effective relief, dismissal is warranted. *In re A Minor*, 127 Ill. 2d 247, 255 (1989).

---

[2] We note that circuit courts have authority to send defendants who violate release conditions to jail for up to 30 days as a sanction, but neither the State nor the circuit court justified Brooks's detention as a sanction. See *Stewart v. Rosenblum*, 2025 IL 131365, ¶ 42.

¶ 12    The State argues that whether the trial court properly revoked Brooks's pretrial release is moot because he has been deemed unfit to stand trial and ordered to receive inpatient treatment from DHS in a secure setting. Although conceding that he is currently being held under the court's custodial treatment order, Brooks contends that the revocation of his pretrial release is not moot because the order maintaining the revocation of his pretrial release contrary to statute remains in place and will preclude his release when he attains fitness. We agree with Brooks: the fact that a favorable decision might not result in his immediate release does not render his pretrial-release status moot. Although the trial court ordered that Brooks undergo custodial inpatient treatment to restore him to fitness, that temporary commitment to DHS does not vitiate the order declining to restore him to pretrial release. The unauthorized revocation of pretrial release is still in place. As a consequence, upon achieving fitness to stand trial, Brooks will be subject to continued detention. See 725 ILCS 5/110-6(j) (West 2024) (requiring court to find at each hearing that continued detention after revocation remains necessary); see also *People v. Thomas*, 2024 IL App (1st) 240479, ¶ 14 (explaining that a continued-detention determination "starts from the premise that detention was necessary *** and asks whether anything has changed such that a defendant's detention is no longer warranted"). But see *People v. Rice*, 2025 IL App (3d) 250262, ¶ 12 (disagreeing that a change in circumstances must occur to justify revisiting a detention decision). Moreover, we are able to provide Brooks effective relief by vacating the orders that denied his request to be restored to pretrial release, ensuring that, once his temporary custodial treatment is complete, he will not be held in pretrial detention. Thus, the propriety of the court's decision to

revoke Brooks's pretrial release is not rendered moot by his temporary custodial mental-health treatment.[3]

¶ 13    The State also argues that the potential detention is not ripe for review until Brooks is restored to fitness. "A controversy is ripe when it has reached the point where the facts permit an intelligent and useful decision to be made." *People v. Ziltz*, 98 Ill. 2d 38, 42 (1983). In the appellate context, ripeness means, essentially, that the trial court has made a definitive decision on an appealable matter. See *Schweickart v. Powers*, 245 Ill. App. 3d 281, 288 (1993) (explaining that an order granting or denying a preliminary injunction is ripe for interlocutory review even though the trial court has not yet ruled on the ultimate merits of the case). The issue here is ripe for review. All facts relevant to the propriety of the courts' orders continuing to deny him pretrial release are contained in the record, so we are able to render an intelligent decision. And as we have just explained, our decision will be useful insofar as it will ensure that, after Brooks is restored to fitness, he will not be held in pretrial detention pursuant to an order that the court lacked authority to enter. See *People v. Clemons*, 2011 IL App (1st) 102329, ¶ 17 (stating that hardship to the parties if consideration is withheld is relevant to determining whether an issue is ripe).

¶ 14    In short, Brooks temporarily being held pursuant to an order for in-custody treatment does not change the fact that, once he is restored to fitness, his custodial status will revert to what it was before the custodial treatment order was entered. As it currently stands, the revocation of his pretrial release is still in place even though the parties agree that it should not be. Thus, we can

---

[3] We observe in passing that the defendant's pretrial release status would appear to be relevant to the question of treating an unfit defendant: "If the defendant is eligible to be or has been released on pretrial release or on his own recognizance, the court shall select the least physically restrictive form of treatment therapeutically appropriate and consistent with the treatment plan. The placement may be ordered either on an inpatient or an outpatient basis." 725 ILCS 5/104-17(a) (West 2024). But neither party has raised that point, so we have not considered it in our analysis.

provide Brooks with effective relief by vacating that erroneous order. See *People v. Council*, 2023 IL App (5th) 230716-U, ¶ 18 (vacating erroneous detention order despite intervening order committing defendant to DHS for treatment). That is what we do.

¶ 15     Finally, under Illinois Supreme Court Rule 604(h)(8) (eff. Apr. 15, 2024), the deadline for this court to issue its decision in this case was December 3. Rule 604(h)(8), however, authorizes us to extend the deadline for good cause shown. We have done so in this case.[4]

¶ 16                              III.  CONCLUSION

¶ 17     For the foregoing reasons, we vacate the trial court's August 19, 2025, order denying Brooks's motion to reinstate pretrial release.

¶ 18     Vacated and remanded.

---

[4] Our decision in this appeal was originally issued as a Rule 23 order (see Ill. S. Ct. R. 23(b) (eff. June 3, 2025)) on December 5, 2025. That order was vacated when we granted Brooks's motion to publish.

*People v. Brooks*, **2025 IL App (1st) 251709**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 25-CR-0282201; the Hon. Sophia Atcherson, Judge, presiding. |
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Gordon J. Kochman, Assistant Public Defender, of counsel), for appellant. |
| **Attorneys for Appellee:** | Eileen O'Neill Burke, State's Attorney, of Chicago (Joseph Alexander, Assistant State's Attorney, of counsel), for the People. |